WESTERN FUELS ASSOCIATION, INC., Plaintiff,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.

No. C82–443–B.

United States District Court, D. Wyoming.

June 1, 1984.

---

Fredrick D. Palmer, Washington, D.C., Donald N. Sherard, Wheatland, Wyo., Charles F. Holum and Peter S. Glaser, Washington, D.C., for plaintiff.

Paul Godfrey, Cheyenne, Wyo., Betty Jo Christian, Martin D. Schneiderman and Samuel Perkins, Washington, D.C., Donald E. Engle, St. Paul, Minn., Thomas E. Deacy, Jr., Edward W. Mullen, Patrick C. Cena, Phillip B. Grubaugh, Kansas City, Mo., for defendant.

## ORDER ON MOTION TO COMPEL

BRIMMER, Chief Judge.

The above-entitled matter came before the Court upon plaintiff's Motion to Compel

wherein plaintiff asks the Court to order the defendant to respond to discovery requests of plaintiff relating to joint defense conferences between several western railroads pertaining to a series of quiet title actions between such railroads and ETSI Pipeline Project (ETSI). The Court having reviewed the pleadings, having considered the arguments of counsel presented in their briefs of law, and being fully advised in the premises, FINDS and ORDERS:

■ The joint defense privilege enables counsel for clients facing a common litigation opponent to exchange privileged communications and attorney work product in order to adequately prepare a defense without waiving either privilege. *United States v. Melvin*, 650 F.2d 641, 645–646 (5th Cir.1981); *United States v. McPartlin*, 595 F.2d 1321, 1336 (7th Cir.1979), *cert. den.* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43; *Hunydee v. United States*, 355 F.2d 183 (9th Cir.1965); *Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir.1964); *In the Matter of Grand Jury Subpoena, Etc.*, 406 F.Supp. 381 (S.D.N.Y.1975); 2 *Weinstein's Evidence*, Par. 503(b)[06] (1980); *In re LTV Securities Litigation*, 89 F.R.D. 595, 604 (N.D.Tex.1981). However, a party to joint defense communications may waive the attorney-client privilege by disclosing such confidential information to persons outside the scope of the joint defense relationship. *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977); *United States v. Blasco*, 702 F.2d 1315, 1329 (11th Cir.1983), *cert. den.* —— U.S. ——; 104 S.Ct. 275, 78 L.Ed.2d 256; *United States v. Melvin*, 650 F.2d 641 at p. 646 (5th Cir.1981). Furthermore, a party to joint defense communications may waive the work product privilege by disclosing such privileged information to third parties in such a manner as is inconsistent with the purpose of maintaining the secrecy of such information from current or potential adversaries. *Permian Corp. v. United States*, 665 F.2d 1214, 1219 (D.C.Cir.1981); *United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C.Cir.1980); *Stix Products, Inc. v. United Merchants and Manufacturers, Inc.*, 47 F.R.D. 334, 338 (S.D.N.Y.1969); *Transmirra Products Corp. v. Monsanto Chemical Co.*, 26 F.R.D. 572, 578 (S.D.N.Y.1960). But, disclosure of work product to friendly litigants in related cases or to others with friendly interests is not beyond the scope of such privilege and will not constitute a waiver of the same. *Id.* Furthermore, waiver of privileges relating to information shared in joint defense communications by one party to such communications will not constitute a waiver by any other party to such communications. *Ohio-Sealy Mattress Manufacturing Co. v. Kaplan*, 90 F.R.D. 21, 29 (N.D.Ill.1980). This limitation is necessary to assure joint defense efforts are not inhibited or even precluded by the fear that a party to joint defense communications may subsequently unilaterally waive the privileges of all participants, either purposefully in an effort to exonerate himself, or inadvertently. *Id.* at p. 32.

■ *Federal Rules of Civil Procedure*, 26(b)(3) provides in part, as follows:

... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer or agent) only upon the showing that the party seeking discovery has a substantial need of the materials in preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

Courts are divided in answering the question whether the work product rule applies to materials prepared in conjunction

with prior terminated litigation, or whether the scope of the privilege is limited to materials prepared in conjunction with the litigation in which the privilege is asserted. *Annot., Attorney's Work Product,* 41 A.L.R. Fed. 123 (1979). The United States Supreme Court, without deciding the issue, recently stated that the language of Rule 26 indicates that the privilege is not to be confined to materials prepared in conjunction with the present litigation, and therefore that work product remains privileged even after the litigation in which it was prepared terminates. *Federal Trade Commission v. Grolier Incorporated,* 462 U.S. 19, ——, 103 S.Ct. 2209, 2213, 76 L.Ed.2d 387, 393 (1983). Several courts have held that while work product may not continue to be privileged after termination of the prior litigation in some contexts, where the prior litigation is closely related to the present action the purposes of the privilege require the protections to continue so as to shield such materials from production in the subsequent action. *Midland Investment Co. v. Van Alstyne, Noel, and Co.,* 59 F.R.D. 134 (S.D.N.Y.1973); *Hercules, Inc. v. Exxon Corp.,* 434 F.Supp. 136 (D.Del.1977); *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni,* 61 F.R.D. 653 (D.P.R.1974). However, other courts have rejected the interconnectedness limitations while holding the privilege continues whether or not the two proceedings are closely related. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz,* 487 F.2d 480 (4th Cir.1973); *In Re Murphy,* 560 F.2d 326, 41 A.L.R.Fed. 102 (8th Cir.1977); *In Re International Systems & Controls Corp., Etc.,* 91 F.R.D. 552 (S.D.Tex.1981).

Finally, as the language of *Federal Rules of Civil Procedure* 26(b)(3) indicates, a clear distinction is to be drawn between factual matters revealed in work product and legal opinions and mental impressions revealed in work product. *In re Grand Jury Investigation, (Sun Co.),* 599 F.2d 1224, 1231 (3rd Cir.1979); *Upjohn Co. v. United States,* 449 U.S. 383, 400, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981). Opinion work product is not subject to discovery or at least is only discoverable upon a sub-stantial showing of need and of the absence of other means by which to obtain such evidence. *Id.; In re Murphy,* 560 F.2d 326 at p. 336 (8th Cir.1977); *United States v. Swift and Co.,* 24 F.R.D. 280, 282 (N.D.Ill.1959).

■ Plaintiff seeks to discover work product produced in prior litigation between several western railroad companies and ETSI. The access issues presented in those actions are closely intertwined with plaintiff's contentions herein, and to the viability questions pertaining to the ETSI pipeline project presented herein. Much of the subject matter sought by plaintiff pertains to evaluations of the strengths and weaknesses of the quiet title actions by counsel for the western railroads, or otherwise relates to the mental impressions and opinions of counsel. The Court believes the plaintiff has failed to show substantial need for this information, or, more importantly, the absence of alternative means by which to obtain all or most of the underlying factual matters contained in such materials. Thus, in light of the foregoing discussion, such materials are not subject to discovery unless plaintiff can establish that the work product privilege was waived by defendant, or that there are other grounds for avoidance of the privilege.

■ The Order of Magistrate Beaman dated April 18, 1983 states that, in order to expedite discovery herein, inadvertent production of privileged documents during the course of discovery herein shall not constitute a waiver of either the attorney-client privilege or the work product privilege. To the extent plaintiff alleges defendant waived such privileges through the production of documents during the course of discovery herein, the Court believes such prior order prevents a waiver. *Transamerica Computer Co. v. International Business Machines Corp.,* 573 F.2d 646, 649–50 (9th Cir.1978). After reviewing the materials submitted by counsel herein, the Court believes plaintiff has failed to show that defendant waived its work product

privilege in relation to the joint defense communications described above.

 Finally, plaintiff alleges the defenses asserted by the railroad defendants in the ETSI quiet title actions constituted "sham" proceedings in violation of federal anti-trust laws under *California Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972), and therefore that the *Noerr-Pennington* rule does not preclude the discovery requested by it. *Eastern Railroad Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657, 669–671, 85 S.Ct. 1585, 1592–1594, 14 L.Ed.2d 626 (1965). To substantiate this exception to the work product privilege the plaintiff has the burden of showing that the defendant's position in the quiet title actions was undertaken solely to interfere with ETSI's business relations. *Hydro-Tech Corp. v. Sunstrand Corp.*, 673 F.2d 1171 (10th Cir.1982); *Edward B. Marks Music Corp. v. Colorado Magnetics, Inc.*, 497 F.2d 285, 290 (10th Cir.1974), *cert. den.* 419 U.S. 1120, 95 S.Ct. 801, 42 L.Ed.2d 819 (1975); *Rural Electric Co. v. Cheyenne Light & Power Co.*, Civil Action No. C82–416, Order on Motion to Dismiss at p. 8 (D.Wyo. 3–11–83) (Brimmer, J.). Before the Court will order discovery on this question plaintiff must make a prima facie showing that the defendant's position in the quiet title actions was fraudulent, or that its claims therein were made in bad faith. *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1220 (4th Cir.1976); *Ohio-Sealy Mattress Manufacturing Co. v. Kaplan*, 90 F.D.R. 21 at p. 31 (N.D.Ill. 1980). The court believes the plaintiff has failed to make an adequate showing in this regard, and that the plaintiff's Motion to Compel should be denied.

Defendant, in its resistance to plaintiff's motion, requests the Court to enforce the April 18, 1983 Order of Magistrate Beaman by requiring plaintiff's counsel to return certain materials which defendant alleges are confidential and were inadvertently produced during the course of discovery herein, and to proscribe the use of such materials. However, the Court believes discovery herein would be expedited now, and in the future, by requiring counsel to submit these questions to Magistrate Beaman who should rule upon such privilege issues in light of his order, and of the orders of the Court herein. Therefore, it is hereby

ORDERED that plaintiff's Motion to Compel be, and the same hereby is, denied.