[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER (#242, #243 and #253) BASED UPON DOCUMENTS ALLEGED TO BE PRIVILEGED UNDERCT Page 9374-ah DOCTRINES OF ATTORNEY-CLIENT, WORK PRODUCT AND THE JOINT DEFENSE PRIVILEGES
This litigation involves two consolidated cases asserting claims for damages allegedly resulting from construction work on the Amity Regional High School in Woodbridge, Connecticut. In the initial action, Atlas Construction Company (Atlas) sued Amity Regional School District No. 5 (Amity), alleging breach of contract and seeking payment under the contract for the construction work on the school.[1] In addition to defending that Amity brought an independent action against Atlas and others in a thirty-seven count complaint.
Atlas' complaint is in ten counts and was filed on October 15, 1997. It seeks damages in excess of $5 million dollars. In its suit, Atlas contends that Amity or its agents provided deficient or defective design documents or other construction documents that Amity failed to correct, clarify or otherwise timely respond to when claims of deficiencies were brought to Amity's attention. Atlas alleges that as a result of such deficiencies it has incurred damages, including subcontractor claims and delayed payments under the contract.
Amity's lawsuit was filed on February 24, 1999. It alleges in pertinent part claims for breach of contract, negligence, misrepresentation, CUTPA and CUIPA against fourteen defendants, including S3E Klingemann, Inc. (S3E), a provider of engineering expertise, The Lukmire Partnership, Inc., Greg Lukmire and William Evans (collectively referred to as "Lukmire"), provider of architectural expertise, and Maguire Group, Inc. and Maguire Group Architects, Inc. (Maguire), also a provider of architectural services. These three defendants may hereinafter be referred to as the "design defendants" or the "design professionals."
In response to Amity's requests for production of documents, Lukmire (#243). Maguire (#242) and S3E (#253) moved for orders seeking protection from having to disclose documents identified as subject to a "joint defense privilege." Amity has opposed the motions.
After considering multiple briefs and hearing arguments by counsel, as well as reviewing the pleadings themselves, the court understands the issue as follows. The claims asserted in the present case against the design defendants Lukmire, Macguire and S3E are essentially the same claims as those originally made by Atlas against Amity in the consolidated action. In response to Atlas' claims, Amity retained Lukmire CT Page 9374-ai and S3E to evaluate and offer rebuttal opinions and evidence to Atlas' delay claims. During the evaluation process, it became clear to the design professionals that both Atlas and Amity were constructing claims alleging that the design professionals were liable for the delays claimed by Atlas. The documents in issue were created in response to the allegations by Atlas, Amity's request for evaluation, and the potential claims by Amity.
Lukmire and S3E in 1995 retained counsel to prepare a defense against claims they anticipated would be asserted by both Amity and Atlas, as well as by one of its subcontractors, East Hartford Welding. In their efforts to assist their clients in the defense of these claims, counsel for Lukmire, S3E and Maguire discussed issues and exchanged correspondence with the intention of developing a joint defense strategy. Although their interests have never been entirely identical, the three design defendants shared a common interest in demonstrating that the delays complained of were the result of alleged errors and omissions of the contractors and not of the designers. Counsel for the three design defendants exchanged information in an effort to pool resources in furtherance of their common interest in developing such a defense.
Connecticut courts have not specifically recognized the joint defense privilege. However, the privilege is recognized in the federal courts. SeeWestern Fuels Ass'n, Inc. v. Burlington Northern R. Co., 102 F.R.D. 201
(D.Wyo. 1984), Transmirra Products Corp. v. Monsanto Chemical Co.,26 F.R.D. 572, 579 (S.D.N.Y. 1960), and U.S. v. McPartlin, 595 F.2d 1321,1336-37 (7th Cir. 1979), cert. denied, 444 U.S. 833 (1979). These federal decisions find that the privilege applies not only to pending litigation but to parties contemplating litigation. See SCM Corp. v.Xerox Corp., 70 F.R.D. 508, 513 (D.Conn. 1976), appeal dismissed, XeroxCorp. v. SCM Corp., 534 F.2d 1031 (2nd Cir. 1976). Pursuant to federal law, the joint defense privilege is not limited to situations in which the parties bear identical interests in all respects. U.S. v. McPartlin,
supra, 595 F.2d 1336-37. The Connecticut Supreme Court in MetropolitanLife Ins. Co. v. Aetna Casualty Surety Co., 249 Conn. 36, 60-62 (1999) discussed in dicta the "common interest" doctrine, citing North RiverInsurance Co. v. Columba Casualty Co., No. 90 CIV 2518, 1995 U.S. Dist. LEXIS 53 at *4 (S.D.N.Y. January 5, 1995) ("common interest doctrine considered related to or even identical to the common defense rule community rule of interest and joint defense privilege"). MetropolitanLife Ins. Co. v. Aetna Casualty Surety Co., supra, 249 Conn. 63 n. 31. The court decided that the privilege did not apply in Metropolitan;
however, there is no indication in the decision that the court would not CT Page 9374-aj have followed federal precedent under the right circumstances.
Accordingly, this court recognizes the joint defense privilege and applies it to preclude the discovery of communications between the design defendants' counsel and any one of the design defendants.
So ordered.
ROBERT F. McWEENY, J.