HAWKES, C.J.
The Petitioner, Paradise Pines Health Care Associates, have petitioned this Court to quash the trial court’s order requiring it to produce several incident reports relevant to the Respondent’s action. After a hearing, the trial court determined the incident reports contained information that the Respondent could not obtain elsewhere without undue hardship. Accordingly, the court ruled the incident reports were not protected under the work product privilege and ordered the Petitioner to produce them during discovery. Because the trial court did not misapply the law pertaining to how a moving party may overcome the work product privilege, we affirm the trial court’s ruling and deny certiorari.
Under Rule 1.280(b)(3) (2008), Florida Rules of Civil Procedure, there *84 are two prongs that the Respondents must meet to overcome the Petitioner’s work product privilege: (1) a need for the document sought; and (2) an inability to obtain equivalent information without undue hardship. No serious argument has been made that the incident reports at issue do not contain relevant information that the Respondents need. The issue before us only concerns the second prong; particularly, whether the Respondents would suffer undue hardship in obtaining the information contained in the reports. To determine whether a moving party will experience undue hardship, courts must balance the moving party’s burden in obtaining information with the non-moving party’s burden of production. Here the trial court determined the Respondents had no realistic way to independently procure the information and the Petitioner had the incident reports at their immediate disposal.
The trial court did not misapply rule 1.280(b)(3) when it ordered the Petitioner to produce the incident reports. The order provides:
[Respondents] have further established their need for the [incident reports], in that Bettye Jean Benekin was suffering from dementia at the time of the incident at bar, and has since died. Thus, they have been unable to confer with her about events surrounding any of the incidents. [Petitioner] has also failed to demonstrate any undue hardship which it would suffer by virtue of producing the incident reports.
In the order, the trial court expressly stated the Respondents demonstrated a need for the reports; then, in the following sentence, explained that the subject of the incidents contained in the reports was deceased and “unable to confer [] about events surrounding any of the incidents.” This is an implicit finding of undue hardship on the part of the Respondents. Such language clearly indicates the trial court was convinced it would be difficult, if not impossible, for the Respondents to obtain the information independently.[1]
Moreover, the trial court’s reference to the Petitioner’s ability to produce the incident reports without undue hardship is not indicative of the court’s misapplication of Rule 1.280(b)(3). Rather, it indicates the court conducted a balancing test and determined the burden faced by the Respondents was unduly difficult in comparison to the ease with which the defendant could produce the reports.
Because there is nothing in the trial court’s order that indicates the court misapplied the law, and certainly nothing that indicates the court departed from the essential requirements of the law, it would be an exercise in futility to remand this case simply so that the trial court can more specifically make findings already inherent in its order.
DENIED.
KAHN, J., concurs; CLARK, J., Dissents with opinion.

. The fact that information pertaining to the identity of employees and patients that were present during the incidents in question could only be obtained from the incident reports was brought out at trial and further supports the trial court’s ruling.