IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MELINDA BUTLER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Petitioner,

v.

CASE NO. 1D14-1342

SARAH HARTER,

     Respondent.

_____/

Opinion filed December 2, 2014.

Petition for Writ of Certiorari – Original Jurisdiction.

J. Stephen O'Hara, Jr., Jeffrey J. Humphries, Kathryn N. Slade of O'Hara Harlvorsen Humphries, PA, Jacksonville, for Petitioner.

James T. Terrell of Terrell Hogan, Jacksonville, and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Respondent.

WOLF, J.

     Petitioner seeks a writ of certiorari and challenges an order compelling discovery of petitioner's litigation file. We find the trial court's rulings that the petitioner waived attorney-client privilege by filing an affidavit in support of a request for attorney's fees, and that a party cannot claim work-product privilege in connection with a claim for recovery of attorney's fees, constitute clear departures from the

essential requirements of law which cannot be remedied on appeal. Thus, we grant the petition for writ of certiorari.

Respondent Sarah Harter filed a complaint against petitioner Melinda Butler seeking damages stemming from a car accident. Petitioner made a proposal for settlement for $20,000. The jury returned a verdict awarding respondent $2,046. The court entered a final judgment against petitioner for $409 after setoff.

Petitioner filed a motion for fees and costs in the circuit court pursuant to her proposal for settlement as authorized by section 768.79, Florida Statutes. The motion included invoices itemizing the costs and fees incurred. It also included an affidavit from one of the attorneys of record stating that the invoices were correct and that the costs and fees were necessarily incurred. Counsel also filed a second, nearly identical affidavit attesting to invoices that were attached to an amended motion for fees.

Respondent filed a request for production of the "entire file" of petitioner's counsel "pertaining to this case." Petitioner objected on the basis that portions of the file were protected by attorney client and work-product privileges. Petitioner filed an itemized privilege log.

Respondent then filed a motion to compel discovery of the litigation file, arguing access to the entire file was necessary in order to properly defend the motion for fees and costs. She alleged at trial that she suffered $50,000 in past medical expenses and had $100,000 in projected future medical expenses; thus, she argued

2

petitioner's $20,000 offer of settlement was not made in good faith. She stated, "[c]rucial in the court's decision-making process will be evidence of the knowledge considerations of the defense at the time the offer was made." She further asserted that the work-product privilege expired because the trial was over. Finally, she argued attorney-client privilege had been waived by virtue of the affidavit attached to petitioner's fee motion.

Petitioner filed a response, arguing respondent had not made a threshold showing of how the entire litigation file was relevant. She also argued work-product privilege extended to protect the information discoverable for post-judgment fees disputes, and the attorney-client privilege was not waived. Finally, she argued counsel's affidavit attesting to the bare accounting of hours worked did not waive attorney-client privilege or work-product privilege. Alternately, even if the affidavit did waive privilege, she argued that waiver would only extend to the information contained in the affidavit and would certainly not waive opinion work-product.

The court entered an order granting respondent's motion to compel. The court found it needed the litigation file in order to determine whether petitioner's offer was made in good faith:

> The Court must look at the subjective motivations of the Defendant at the time the offer was made and determine whether she had the basis in known or reasonably believed facts to conclude that the offer was justifiable. In order to determine good faith, the Court has to make credibility findings. Credibility findings can only be made after an

opportunity to cross-examine the witness who claims good faith. In such a case, that will necessitate the use of privileged communications, assuming proper waiver of the privilege . . . .

The court concluded petitioner waived attorney-client privilege by her attorney's filing of the affidavit, which was tantamount to testifying. The court also found a party cannot claim work-product privilege in connection with a claim for recovery of attorney fees.

The trial court made no case-specific determinations concerning the need for overcoming the work-product privilege in this particular case. The trial court also did not elucidate what about this particular attorney's fee affidavit constituted a waiver of the attorney-client privilege.

## I. Certiorari

We may review an interlocutory order that is not appealable under Florida Rule of Appellate Procedure 9.130 by petition for certiorari only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal. We examine prongs two and three first to determine our certiorari jurisdiction. "If the jurisdictional prongs . . . are not fulfilled, then the petition should be dismissed rather than denied."

DeLoach v. Aird, 989 So. 2d 652, 654 (Fla. 2d DCA 2007) (quoting Parkway Bank v. Ft. Myers Armature Works, Inc., 989 So. 2d 646, 649 (Fla. 2d DCA 1995) (internal citations omitted)). It is well established that "[c]ertiorari review 'is appropriate in cases that allow discovery of privileged information. This is because once privileged

4

information is disclosed, there is no remedy for the destruction of the privilege available on direct appeal.'" Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So. 2d 504, 506 (Fla. 2d DCA 2006) (quoting Estate of Stephens v. Galen Health Care, Inc., 911 So. 2d 277, 279 (Fla. 2d DCA 2005) (citations omitted)). Therefore, this court must determine whether the trial court departed from the essential requirements of the law. DeLoach, 989 So. 2d at 654.

## II. Good Faith Determination

Section 768.79(1), Florida Statutes, states a defendant is entitled to fees if she makes a proposal for settlement, and the judgment obtained by the plaintiff is at least 25% less than that offer:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. . . .

However, "the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees." § 768.79(7)(a), Fla. Stat.

5

Respondent argued in the trial court that to determine whether an offer was made in good faith, the court must look at the subjective motivation of the petitioner, which will necessitate the use of privileged communication. Respondent never explained why the use of privileged communication is necessary in this particular case, but instead she seems to be arguing that these types of materials are always necessary for a determination of entitlement to attorney's fees pursuant to section 768.79.

Respondent provides no authority or explanation to support her argument that the pleadings and discovery are insufficient to determine whether the offer was made in good faith. To the contrary, many courts have relied on the pleadings and information obtained during discovery to determine whether an offer was made in good faith. See Hall v. Lexington Ins. Co., 895 So. 2d 1161, 1166 (Fla. 4th DCA 2005) (affirming a finding that an offer was made in good faith, despite the fact the offer was for one-tenth of the damages claimed, because the offer was made "five years after the start of litigation and after extensive discovery" during which the defendant received documentation that the plaintiff misrepresented material facts); Donovan Marine, Inc. v. Delmonico, 40 So. 3d 69, 71 (Fla. 4th DCA 2010) ("[T]he trial court correctly found that the proposal was 'a good faith offer based upon the discovery [and] the posture of the case at the time the offer was extended . . . .'"); Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So. 3d 348, 354-55 (Fla. 4th DCA 2011) (reversing the trial

court's finding of a lack of good faith, despite the fact the offeror had conducted little discovery, because the unenforceability of the contract was apparent from its face). Here, the trial court reasoned that the litigation file was necessary because "[c]redibilty findings can only be made after an opportunity to cross-examine the witness who claims good faith," and "that will necessitate the use of privileged communications, assuming proper waiver of the privilege." However, as discussed above, whether or not an offer was made in good faith does not require privileged communications. That determination is made based on objective criteria. Thus, it seems petitioner is correct that neither respondent nor the trial court established why the privileged litigation file was necessary to conduct a good faith review of the offer for settlement.

### III. Work-Product Privilege

The work-product privilege is set forth in Florida Rule of Civil Procedure 1.280, which states work product is discoverable only upon a showing of undue hardship and need, although mental impressions or legal opinions are always protected:

> (4) *Trial Preparation: Materials*. Subject to the provisions of subdivision (b)(5) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions,

7

conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fla. R. Civ. P. 1.280(b)(4) (emphasis added). Petitioner argues she is entitled to work-product privilege here under rule 1.280 because (a) work-product privilege extends to the attorney's fees stage of litigation; (b) respondent failed to establish need and undue hardship necessary to overcome that privilege; and (c) the information respondent seeks is opinion work product, which is always protected. We agree with all three contentions.

### A. Work-Product Privilege and Motions for Attorney's Fees

It is well-established that "work product retains its qualified immunity after the original litigation terminates, regardless of whether or not the subsequent litigation is related." Alachua Gen. Hosp., Inc. v. Zimmer USA, Inc., 403 So. 2d 1087, 1088 (Fla. 1st DCA 1981). See also HCA Health Servs. of Fla., Inc. v. Hillman, 870 So. 2d 104, 107 (Fla. 2d DCA 2003) (finding "[b]illing records of opposing counsel are to be treated as privileged work product" in a dispute over attorney's fees).

Here, in finding work-product privilege did not extend to motions for attorney's fees, the trial court cited Martin v. Paunovich, 632 So. 2d 611 (Fla. 5th DCA 1993). Martin is distinguishable. On motion for rehearing, the Martin court held that "the work product privilege cannot be invoked by an attorney in connection with an affirmative claim for recovery of attorney's fees to avoid a discovery inquiry

8

concerning possible apportionment of fees among compensable and noncompensable claims." Id. at 613. Although the majority provided no background, the dissent explained that counsel argued entitlement to the full amount of fees because apportionment was impossible, but the record clearly indicated that contention was "absurd." Id. at 612. During deposition, counsel "refused to testify about the basis for their fee claim . . . claiming it was 'work product.'" Id. at 613. When counsel was asked if he had tried to apportion time on any issues, counsel responded "that's work product" and refused to answer. Id. at 613.

Martin is distinguishable because its holding is limited to its facts - an attorney cannot claim that apportionment was impossible and then try to avoid a discovery inquiry about the possibility of apportionment by claiming work-product privilege for the basis of the fee claim. Here, petitioner is not refusing to disclose any information necessary to support her claim for fees. Any information that respondent needs to meet the burden of challenging whether the proposal was made in good faith is available from the record.

### B. Need and Undue Hardship

The respondent has failed to demonstrate a "need of the materials in the preparation of [her] case and that [she] is unable without undue hardship to obtain the substantial equivalent of the materials by other means," as required by rule 1.280(b)(4) in order to obtain work product. The respondent made no attempt in her motion or

9

supporting memoranda to establish need or undue hardship. "[W]ell established in Florida is the principle that the unsworn analysis of a party's attorney and/or a bare assertion of need and undue hardship to obtain the substantial equivalent [is] insufficient to satisfy this showing." Procter & Gamble Co. v. Swilley, 462 So. 2d 1188, 1194 (Fla. 1st DCA 1985). Further, "the showing of need encompasses a showing of diligence by the party seeking discovery of another party's work product." Id.

Respondent also failed to show undue hardship. "To determine whether a moving party will experience undue hardship, courts must balance the moving party's burden in obtaining information with the non-moving party's burden of production." Paradise Pines Health Care Assocs., LLC v. Bruce, 27 So. 3d 83, 84 (Fla. 1st DCA 2009) (finding there was need and undue hardship sufficient to compel the discovery of incident reports because the subject of the report had since died, and it would have been "difficult, if not impossible" to independently obtain the information contained in the reports).

Petitioner is also correct that the trial court did not find need or undue hardship. The court found its credibility determination would "necessitate the use of privileged communications, assuming proper waiver of privilege," apparently referring to the attorney-client privilege. (Emphasis added). However, the court did not find need for work product. Instead, the court found petitioner could not assert work-product

10

privilege in connection with attorney's fees. As discussed above, that finding was in error.

## C. Opinion work product

Even assuming respondent had demonstrated need and undue hardship, the information that she seeks concerning the decision-making strategy and opinions behind petitioner's proposal for settlement includes "opinion" work product, which is never discoverable.

> Work product can be divided into two categories: "fact" work product (*i.e.,* factual information which pertains to the client's case and is prepared or gathered in connection therewith), and "opinion" work product (*i.e.,* the attorney's mental impressions, conclusions, opinions, or theories concerning his client's case). *In re Sealed Case,* 676 F.2d 793, 810-11 (D.C.Cir.1982). A clear distinction has been drawn between these two types of work product with respect to the degree of protection provided. *Western Fuels Association v. Burlington Northern Railroad,* 102 F.R.D. 201, 204 (D.Wyo.1984). Generally, fact work product is subject to discovery upon a showing of "need," whereas opinion work product is absolutely, or nearly absolutely, privileged.

State v. Rabin, 495 So. 2d 257, 262 (Fla. 3d DCA 1986). The Rabin court explained this distinction is recognized by rule 1.280, which states that "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fla. R. Civ. P. 1.280(b)(4) (emphasis added); Rabin, 495 So. 2d at n.6. See also 5500 N. Corp. v. Willis, 729 So. 2d 508, 512 (Fla. 5th DCA 1999) ("An attorney's mental impressions, conclusions, opinions or theories concerning the client's case are opinion work product

11

and are absolutely privileged" as recognized by rule 1.280). "[C]onsiderations of need and undue hardship . . . are not relevant [if] . . . the protected collection of documents constitutes opinion work product, which is 'absolutely, or nearly absolutely, privileged.'" Smith v. Fla. Power & Light Co., 632 So. 2d 696, 699 (Fla. 3d DCA 1994) (quoting Rabin, 495 So. 2d at 262).

The case at hand is analogous to Ford Motor Co. v. Hall-Edwards, 997 So. 2d 1148 (Fla. 3d DCA 2008). In Ford, the Third District granted a petition for writ of certiorari quashing the order of a trial court that compelled Ford to grant access to a database created by its attorneys that functioned as a "notebook" containing the attorneys' "thoughts, opinions, strategies, mental impressions and advice" regarding the case. Id. at 1153. The Third District found those documents "fall within the absolute immunity protecting opinion work product." Id. at 1154. Here, petitioner argues that the specific information sought by respondent in her motion, and by the trial court in its order, was opinion work product, which is protected by absolute immunity. We agree.

In summation, the trial court departed from the essential requirements of the law by ordering production of petitioner's litigation file because work-product privilege extends to motions for attorney's fees, respondent failed to prove need or undue hardship, and the information from the file that respondent sought was opinion work product, which is absolutely immune from discovery.

12

## IV. Attorney-Client Privilege

The attorney-client privilege is set forth in section 90.502(2), Florida Statutes, which states, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."

The trial court found petitioner's attorney-client privilege was waived when her counsel filed an affidavit stating the invoices attached to the motion for fees were accurate. The court found that affidavit was tantamount to petitioner's counsel testifying. The court cited Official Cargo Transport Co., Inc. v. Certain Interested Underwriters at Lloyds of London Subscribing to Certificate of Insurance Numbers M104255.000 & M104256.000, 368 F. Supp. 2d 1314 (S.D. Fla. 2005). That case is factually distinguishable and not binding on this court.

In Official Cargo, the plaintiff sought to have the defendant produce documents and letters of communication between the defendant's attorney and the defendant in order to prove a lack of good faith in making a settlement offer. Counsel withheld that documentation, asserting attorney-client privilege. Id. at 1317. However, at a hearing on the matter, defense counsel failed to invoke the privilege, but instead answered questions regarding the basis for the offer. Id. at 1318. Counsel then "stated that he wished to establish a record regarding the basis for the offer and then proceeded to

13

establish such a record . . . even reveal[ing] statements communicated to him by the client." Id. The federal district court held that counsel waived attorney-client privilege when he testified regarding the basis for the offer, and he clearly waived the privilege when he established a record regarding the basis for the offer which included privileged communication. Id.

The case at hand is clearly distinguishable. Here, counsel's affidavit did not discuss or disclose privileged communication between counsel and the client. Instead, counsel merely attested that the invoices itemizing the costs and fees incurred, which were attached to the motion for fees, were accurate.

"The hours expended and rate charged by defense counsel is not information protected by either the attorney-client or work product privilege." Anderson Columbia v. Brown, 902 So. 2d 838, 841-42 (Fla. 1st DCA 2005). The invoice was nothing more than a bare accounting of the hours spent and rate charged, along with broadly worded, vague descriptions of the work. Therefore, the invoice and affidavit did not disclose privileged communication and thus did not waive attorney-client privilege.

Further, even if the affidavit constituted waiver, "the attorney-client privilege would be waived with respect to other unrevealed communications only to the extent that they are relevant to the communication already disclosed." E. Air Lines, Inc. v. Gellert, 431 So. 2d 329, 332 (Fla. 3d DCA 1983). Stated differently, "if attorney-client privilege is waived regarding a certain matter, the waiver is limited to communications

14

on the same matter." <u>Alliant Ins. Servs., Inc. v. Riemer Ins. Group</u>, 22 So. 3d 779, 781 (Fla. 4th DCA 2009). Further, "[i]f a party seeks to compel the disclosure of documents that the opposing party claims are protected by attorney-client privilege, the party claiming the privilege is entitled to an *in camera* review of the documents by the trial court prior to disclosure. . . . If the parties disagree as to the scope of the privilege waiver, a trial court must delineate the scope of the waiver before it may compel discovery of information." <u>Id.</u> Therefore, even if privilege had been waived here, that waiver would have been limited, and petitioner would have been entitled to an *in camera* review.

In summation, we find the trial court departed from the essential requirements of the law in compelling disclosure of the entire litigation file, because that file is protected by work-product and attorney-client privilege. We, therefore, GRANT the petition for writ of certiorari and quash the order compelling discovery of the entire litigation file.

ROWE and OSTERHAUS, JJ., CONCUR.