PER CURIAM.
 

 Following dismissal of Appellant’s appeal for lack of jurisdiction, an order was issued on March 10, 2010, to Appellant’s attorneys directing them to show cause why attorneys’ fees pursuant to section 57.105(l)(b), Florida Statutes (2009), should not be awarded against them and Appellant. This show cause order noted
 
 *110
 
 that Appellant was directed on January 12, 2010, to show cause why her appeal
 

 should not be dismissed because the order does not appear to be either a final order or a non-final order appealable pursuant to Florida Rule of Appellate Procedure 9.180. Rather, the order appears to be merely a denial of a motion to enforce a purported settlement agreement in which the Judge of Compensation Claims administratively re-opened the case and instructed the parties to attend a “duly noticed final hearing” on the matter.
 

 Appellant responded that “[t]he findings being appealed are erroneous based on the evidence presented at the time of the evidentiary hearing” and “[i]f this Court were to find that a settlement did occur between the parties, then that ruling would be a final adjudication on all issues.” Because the JCC’s order was neither a final order nor a non-final appeal-able order, the appeal was dismissed.
 
 See Maradriaga v. 7-Eleven,
 
 29 So.3d 440 (Fla. 1st DCA 2010).
 

 In their response to the show cause order issued on March 10, Appellant’s attorneys simply expanded on the previously stated reason as to why the JCC’s order should be viewed as final, and advised they relied on a per curiam affirmance, without opinion, in conducting their analysis. A per curiam affirmance, without opinion, has no precedential value.
 
 See State, Dep’t of Revenue v. Kemper Investors Life Ins. Co.,
 
 660 So.2d 1124, 1129 n. 4 (Fla. 1st DCA 1995). Appellant’s attorneys’ response offered no good reason why attorneys’ fees should not be awarded in this case. The show cause order sought a response regarding the jurisdiction of this court to review the JCC’s order, not the merits of the appeal. This is not the first time Appellant’s attorneys have appealed a clearly unappealable order.
 
 See Boladares v. Olemshoe Corp.,
 
 28 So.3d 176 (Fla. 1st DCA 2010) (dismissing appeal because order granting motion to dismiss is not ap-pealable final order).
 

 Because Appellant’s attorneys’ response to this court’s show cause order continues to evince ignorance of the rules of appellate procedure and case law, attorneys’ fees pursuant to section 57.105, Florida Statutes (2009), are hereby imposed against Appellant’s attorneys and Appellant. Because section 57.105 does not authorize the exclusion of Appellant from the responsibility to pay a portion of the fee, on remand for determination of a reasonable fee, the JCC should also determine whether Appellant should be afforded an opportunity to obtain conflict-free counsel.
 

 Attorneys’ fees pursuant to section 57.105(l)(b), Florida Statutes (2009), are AWARDED, and the matter is REMANDED for proceedings consistent with this opinion.
 

 LEWIS, THOMAS, and WETHERELL, JJ., concur.