VAN NORTWICK, J.
 

 In this workers’ compensation proceeding, John Hagans, claimant, petitions this court for the issuance of a writ of certiora-ri to quash a non-final order of the Judge of Compensation Claims (JCC) compelling him to produce intake documents created by his attorney during a confidential consultation with Hagans for the purpose of providing legal advice and services. The intake documents had been sought by ap-pellees, Gatorland Kubota, LLC, and Sentry Insurance (jointly the Employer/Carrier) for the purpose of obtaining lists of the doctors and the hospitals which treated Claimant and lists of Claimant’s prior workers’ compensation claims which were set forth in the intake documents. Because we find that the attorney’s intake documents are protected by the attorney-client privilege, we conclude that the order departs from the essential requirements of law and would cause irreparable harm that cannot be adequately remedied by appeal. Accordingly, we grant the petition.
 

 The Employer/Carrier served on Claimant a “request to produce” which sought two items:
 

 1. A
 
 list
 
 of all doctors, hospitals, urgent care centers, health department and walk-in clinics that have evaluated the claimant, provided treatment or referred the claimant to other treatment.
 

 2. A
 
 list
 
 of all prior worker’s compensation claims, including but not limited to dates of injury, injuries sustained, attorneys obtained and settlement status.
 

 Claimant timely served a response, asserting that Claimant was not in possession of any such lists and that any such lists in the possession of Claimant’s attorney were confidential communications included in intake documents prepared by the attorney during a confidential meeting with Claimant for the purpose of providing legal advice and services. Claimant asserted that these documents were protected by the attorney-client privilege and work product rule. The response included a privilege log showing that the lists were contained in a “Workers’ Compensation Intake Form” and “Questionnaire” completed by Claimant’s attorney in a conference with Claimant. The Employer/Carrier filed a motion to compel. Claimant filed a response to the motion to compel and a cross-motion for protective order again asserting the attorney-client privilege. Following a hearing, the JCC entered the order under review requiring Claimant’s counsel to produce “the list in the possession of Claimant’s counsel.” This petition for writ of certiorari followed.
 

 Section 90.502, Florida Statutes (2009), sets forth the attorney-client privilege, in pertinent part, as follows:
 

 (1) For purposes of this section:
 

 (a) A “lawyer” is a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation.
 

 (b) A “client” is any person, public officer, corporation, association, or other organization or entity, either public or private, who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services by a lawyer.
 

 (c) A communication between lawyer and client is “confidential” if it is not intended to be disclosed to third persons other than:
 

 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
 

 
 *76
 
 2. Those reasonably necessary for the transmission of the communication.
 

 (2) A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.
 

 * * ⅜
 

 (4) There is no lawyer-client privilege under this section when:
 

 (a) The services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit when the client knew was a crime or fraud.
 

 (b) A communication is relevant to an issue between parties who claim through the same deceased client.
 

 (c) A communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship.
 

 (d) A communication is relevant to an issue concerning the intention or competence of a client executing an attested document to which the lawyer is an attesting witness, or concerning the execution or attestation of the document.
 

 (e) A communication is relevant to a matter of common interest between two or more clients, or their successors in interest, if the communication was made by any of them to a lawyer retained or consulted in common when offered in a civil action between the clients or their successors in interest.
 

 The Florida Evidence Code applies to workers’ compensation proceedings.
 
 Amos v. Gartner, Inc.,
 
 17 So.3d 829, 833 (Fla. 1st DCA 2009).
 

 As this court has explained:
 

 The attorney-client privilege plays an essential role in the adversary system. The ability of client and attorney to communicate with one another in confidence is central to our system of administering justice. “The attorney-client privilege is one the oldest confidential communications privilege known in the common law.”
 

 First Union Nat’l Bank v. Turney,
 
 824 So.2d 172, 185 (Fla. 1st DCA 2002) (quoting
 
 Am. Tobacco Co. v. State,
 
 697 So.2d 1249, 1252 (Fla. 4th DCA 1997)). The attorney-client privilege exists to protect not only the giving of professional advice, but also the giving of information to the lawyer to enable him to render sound and informed advice.
 
 See Upjohn Co. v. U.S.,
 
 449 U.S. 383, 390, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). If the purpose of the attorney-client privilege is to be served, the attorney and client must be able to predict with some degree of certainty whether particular discussions will be protected.
 
 Id.
 
 at 392, 101 S.Ct. 677. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all.
 
 Id.
 
 A client’s confidential communication of facts to his attorney is protected by attorney-client privilege, even if the facts are discoverable by other means.
 
 See id.
 
 at 395-96, 101 S.Ct. 677 (explaining client cannot be compelled to answer question, “What did you say or write to the attorney?,” but may not refuse to disclose any relevant fact within his knowledge merely because such fact was included in his communication to his attorney). The attorney-client privilege is not subject to any balancing test and, unlike matters protected by work-product privilege, cannot be discovered by a showing of need, undue hardship, or some other competing interest.
 
 See
 
 Ehrhardt
 
 Florida Evidence,
 
 § 502.1 (2007 ed.) (citing
 
 Nat’l Sec. Fire & Cas. Co. v. Dunn,
 
 705 So.2d 605, 608 (Fla. 5th DCA 1997) (“Notwith
 
 *77
 
 standing a litigant’s entitlement to work product material upon a showing of need and undue hardship, the attorney-client privilege is absolute.”)). The privilege also prevents disclosure of an attorney’s notes of a meeting with the client.
 
 Swidler & Berlin v. U.S.,
 
 524 U.S. 399, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998).
 

 The central issue presented here is whether the intake documents prepared by Claimant’s attorney which memorialized Claimant’s communications made for the purpose of obtaining legal services are protected by the attorney-client privilege.
 
 [1]
 
 In our view, the order requiring production of the attorney’s intake documents is tantamount to requiring Claimant to answer the prohibited question “what did you tell your lawyer about your medical and claims history?,” rather than answering direct questions posed by the Employer/Carrier about the underlying facts. To the extent the distinction is subtle, it is not, concomitantly, insignificant. Allowing discovery of the attorney’s intake documents would not only intrude into work product, but would allow the adversary to function on the wits and labor of an opponent. Such an interpretation would be antithetical to the purposes underlying the attorney-client privilege and would additionally impose a chilling effect on an attorney’s efforts to fully explore and memorialize the facts underlying his client’s cause.
 
 Cf. Anderson Columbia v. Brown,
 
 902 So.2d 838, 841 (Fla. 1st DCA 2005) (stating carrier’s failure to establish that disclosure of bare attorney time and rates would have chilling effect upon client’s willingness to disclose fully its “circumstances,” resulting in conclusion that such matters were not protected by attorney-client privilege). Further, if, as asserted by the Employer/Carrier, the facts communicated in a confidential meeting with an attorney are not protected by attorney-client privilege, a client would have little incentive to fully disclose information to his own attorney for fear that the confidential communication will be used against him. Moreover, to the extent the Employer/Carrier sought to introduce any portion of the intake sheet into evidence, Claimant’s attorney may well be required to become a witness in the case, rather than the client’s advisor and advocate — the role for which the privilege was created.
 

 In this case, the JCC correctly concluded that Claimant’s medical and claims history was discoverable by the Employer/Carrier and, with the exception of the confidential intake sheet, Claimant furnished the Employer/Carrier with all documents in his possession relating to his medical and claims history. Although in a civil action the facts listed could be obtained by interrogatories,
 
 see
 
 Florida Rule of Civil Procedure 1.280(a), the rules of procedure applicable to workers’ compensation proceedings do not permit interrogatories.
 
 See
 
 Fla. Admin. Code R. 60Q-6.114(1) (providing any party may commence with discovery methods specifically authorized by statute, including depositions, issuance of subpoenas, and requests for production);
 
 see also
 
 Fla. Admin. Code R. 60Q-6.114(5) (allowing for imposition of sanctions for party’s use of discovery
 
 *78
 
 methods not specifically authorized by statute).
 
 [2]
 
 Thus, the Employer/Carrier’s request for a list of physicians, hospitals, or prior workers’ compensation claims cannot be remedied by treating the request as a mislabeled, but otherwise permissible, interrogatory.
 

 Under the rules governing workers’ compensation proceedings, the Employer/Carrier can depose Claimant and inquire about his medical and claims history. The Employer/Carrier is also free to utilize other discovery techniques such as subpoenas and requests to third parties to discover information regarding Claimant’s medical and claim history. The order’s requirement that Claimant produce his attorney’s intake documents, or a list derived therefrom, however, violates the attorney-client privilege. Because no exception to the attorney-client privilege is alleged or established, the Petition for Writ of Certio-rari is GRANTED, and the Order is QUASHED.
 

 CLARK, J., concurs, BENTON, J., concurs in result.
 

 [1]
 

 . Claimant also argues that the order under review violates the work-product doctrine.
 
 See
 
 Rule 1.280(b), Fla. R. Civ. P. The work-product rule applies in workers' compensation proceedings.
 
 Hernandez v. Paris Indus. Maintenance,
 
 39 So.3d 466 (Fla. 1st DCA 2010);
 
 Anderson Columbia v. Brown,
 
 902 So.2d 838, 840-41 (Fla. 1st DCA 2005). Because we sustain the claim of attorney-client privilege, we do not reach the work-product claim.
 

 [2]
 

 . Prior Rule of Workers' Compensation Procedure 4.055(c) expressly provided that interrogatories were not permitted.
 
 See In re Amendments to Florida Rules of Workers' Compensation Procedure,
 
 674 So.2d 631, 642 (Fla.1996). In 2004, the Florida Supreme Court held that "by granting this Court the authority to promulgate rules of workers’ compensation procedure, the Legislature unconstitutionally enlarged this Court’s jurisdiction by delegating to it powers that belong exclusively to die executive branch of government” and, as a result, repealed the Rules of Workers’ Compensation Procedure.
 
 Amendments to the Florida Rules of Workers' Compensation Procedure,
 
 891 So.2d 474, 479 (Fla.2004).