PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) petitions for writ of certiorari from a discovery order entered by the Judge of Compensation Claims. Although the order is broad, the E/C challenges only the compelled disclosure of “Note A” and “Note B,” which are entries in the E/C’s internal paperless communication/documentation system, the first note made by the adjuster to memorialize a meeting with in-house counsel, and the second note made by in-house counsel herself. The E/C asserts that both notes are protected by the attorney-client privilege and the work product privilege. For the reasons that follow, we grant the petition, and quash the JCC’s order in part, to the extent it orders disclosure of Notes A and B.
To obtain a writ of certiorari, a petitioner must show there has been “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.” Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). The latter requirements constitute irreparable harm, and irreparable harm is a condition precedent to invoking certiorari jurisdiction that should be considered first. See Spry v. Prof'l Employer Plans, 985 So.2d 1187, 1188 (Fla. 1st DCA 2008). Discovery of information protected by privilege “ ‘may reasonably cause material injury of an irreparable nature.’ ” Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995) (quoting Martin-Johnson v. Savage, 509 So.2d 1097, 1100 (Fla.1987)). Thus, it appears that if there has been a departure from the essential requirements of law re *1093 garding either alleged privilege, the harm is indeed irreparable.
“Departure from the essential requirements of law” is defined the same way across all uses of certiorari review: “a violation of a clearly established principle of law resulting in a miscarriage of justice.” Padovano, Florida Appellate Practice § 18.10, at 367 (2010 ed.) (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)). As the Florida Supreme Court said,
The required “departure from the essential requirements of law” means something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice. The writ of certiorari properly issues to correct essential illegality but not legal error.
Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 527 (Fla.1995) (quoting Jones v. State, 477 So.2d 566, 569 (Fla.1985)).
It appears to us that there is legal error in the disclosure of both notes, because both clearly constitute or memorialize communication from the attorney to the E/C made in the rendition of legal services. Further, this error rises to the level of inherent illegality, which would result in a gross miscarriage of justice were the order to stand, because it would have a chilling effect on communications between attorneys and clients. See Hagans v. Gatorland Kubota, LLC/Sentry Ins., 45 So.3d 73, 77 (Fla. 1st DCA 2010). Because we sustain the claim of attorney-client privilege, we do not reach the claim of work product privilege.
Consequently, the petition is GRANTED, and the order QUASHED in part, to the extent it orders disclosure of Notes A and B.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.