# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1046
Lower Tribunal No. 14-26236
_____

**The Florida Department of Transportation,**
Petitioner,

vs.

**Tropical Trailer Leasing, L.L.C., et al.,**
Respondents.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Marc Peoples, Assistant General Counsel (Tallahassee), for petitioner.

Akerman LLP, and Gerald B. Cope, Jr., and A. Rodger Traynor, Jr., for respondents.

Before LAGOA, FERNANDEZ, and LUCK, JJ.

LAGOA, J.

The Florida Department of Transportation ("FDOT"), a non-party to the litigation below, petitions this Court for a writ of certiorari seeking to quash an order compelling it to produce information responsive to an amended subpoena propounded by class plaintiff, Tropical Trailer Leasing, L.L.C. ("Tropical"). Because we find no departure from the essential requirements of the law, we deny the petition.

## I.    FACTUAL AND PROCEDURAL HISTORY

The underlying litigation involves a certified class action brought by class plaintiff, Tropical, against Miami-Dade Expressway Authority ("MDX"). The class action seeks injunctive relief as well as a refund of highway tolls purportedly assessed improperly and paid by class members to MDX. In order to calculate possible damages and identify class members for the "opt-out" notice required by Florida Rule of Civil Procedure 1.220(d)(2), Tropical issued an amended subpoena to FDOT requesting toll data for vehicles having more than two axles, which paid the toll using a prepaid "Toll By Plate" Account. The amended subpoena excluded Sunpass transponder accounts.

FDOT moved to quash the subpoena and asserted that the information sought was protected by section 316.0777, Florida Statutes (2017) ("Automated license plate recognition systems; public records exemption."). FDOT asserted that production of the requested documents could only be made to law enforcement

2

agencies or individual license plate holders. The trial court denied FDOT's motion and further ruled that confidentiality would be protected through the entry of a confidentiality order. Specifically, the trial court found that "[a]ny production under the Subpoena is subject to the separate 'Attorney Eyes Only' Protective Order." Moreover, Tropical advised the trial court that it would not seek the names of license plate holders. This petition ensued.

II. ANALYSIS

"'A writ of certiorari is an extraordinary type of relief that is granted in very limited circumstances.' To be entitled to certiorari, the petitioner must establish the following three elements: '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.' 'The latter requirements constitute irreparable harm, and irreparable harm is a condition precedent to invoking certiorari jurisdiction that should be considered first.'" Lee v. Condell, 208 So. 3d 253, 256 (Fla. 3d DCA 2016) (citations omitted); see also Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454–55 (Fla. 2012) (stating that irreparable harm is a condition precedent to invoking a district court's certiorari jurisdiction); Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (same).

3

Certiorari jurisdiction is not available to review every erroneous discovery ruling. See Bd. of Trs. of the Internal Improvement Trust Fund, 99 So. 3d at 456; Nucci, 162 So. 3d at 151. However, "[d]iscovery of information protected by privilege 'may reasonably cause material injury of an irreparable nature.'" Lacaretta Rest. v. Zepeda, 115 So. 3d 1091, 1092 (Fla. 1st DCA 2013) (quoting Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995)). Therefore, "if there has been a departure from the essential requirements of law regarding . . . privilege, the harm is indeed irreparable." Id. at 1092-93.

Here, FDOT argues that the records are confidential, but not privileged. FDOT concedes in its petition that the toll records are subject to civil discovery, and "may be disclosed if the asserted need for the records outweighs the public policy behind keeping the records confidential."

Pursuant to Florida Rule of Civil Procedure 1.280(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action." We find that the trial court did not depart from the essential requirements of the law, as the information sought in the amended subpoena is directly relevant to Tropical's case. Moreover, Tropical demonstrated that it possessed a sufficiently compelling interest in the production of the information, and that the trial court took adequate steps to protect the

4

confidentiality of the information. Accordingly, we find no departure from the essential requirements of the law and deny the petition.[1]

       PETITION DENIED.

---

[1] We further note that the First District Court of Appeal has separately denied substantially similar objections to discovery raised by FDOT with regard to discovery sought by Tropical in a separate class action in Leon County. See Florida Dept of Transp. v. Tropical Trailer Leasing LLC, 219 So. 3d 1040 (Fla. 1st DCA 2017; Florida Dept of Transp. v. Tropical Trailer Leasing LLC, 219 So. 2d 1039 (Fla. 1st DCA 2017).