# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-0549
_____

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT,

    Petitioner,

    v.

ANGELA JOHNSON,

    Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.


November 19, 2025


PER CURIAM.

The Florida Department of Law Enforcement petitions for review of the trial court's order directing the Department to produce certain emails identified on its privilege log in response to a request for production. The Department asserts that the emails are protected from disclosure under the attorney-client privilege and the work-product doctrine. The trial court conducted an in camera inspection. But it failed to consider each document individually to determine whether the documents were privileged. Instead, the court made a blanket ruling that because the Department's attorney who made or received the emails in question functioned as a "de facto HR officer," none of the emails

should be excluded from production. We grant the petition and quash the trial court's order.

Angela Johnson sued the Department for disability discrimination and retaliation. In response to Johnson's discovery requests, the Department identified certain documents on a privilege log that it claimed were protected by attorney-client privilege or as work product. The documents in question are all emails made or received by James Martin, Deputy General Counsel for the Department. After receiving the privilege log, Johnson moved for an in camera inspection by the trial court. She claimed that the emails related to her job performance, attendance, leave, fitness-for-duty and performance evaluations, and termination/resignation. She requested the trial court to inspect the documents and determine the application of the attorney-client privilege and the work-product doctrine.

The Department's representatives explained during deposition that the Department handles human resource issues differently than many other state agencies. While other agencies have a designated person within the human resources department that handles any human resources issues, including disciplinary issues, the Department filters human resources issues through its general counsel's office—specifically, Jim Martin. Thus, the question arose whether Martin was acting in his role as Deputy General Counsel or acting as a human resources officer when he sent or received the emails identified on the privilege log.

The trial court granted Johnson's motion for an in camera inspection. It then made a blanket determination that with respect to the emails made or received by Martin, Martin was acting as a de facto human resources officer. The court concluded that Martin likely advised on human resources issues related to the suit, including whether Johnson should be terminated or whether accommodations could be made, which the court determined are issues usually handled by human resources.[*] The trial court

---

[*] In reaching this conclusion, the trial court relied on an unelaborated per curiam decision from this Court, where we denied certiorari relief in what the trial court considered to be a similar context—*Florida Department of Business & Professional*

2

ordered the Department to produce all the emails. The trial court ruled in the alternative that, even if Martin's emails constituted work product, the Department had to produce them because they could not be gathered in some other way.

The Department asks this Court to quash the order, petitioning for a writ of certiorari. "Certiorari is appropriate when the petitioning party establishes that a trial court departed from the essential requirements of law and the departure will result in a material injury that cannot be corrected on postjudgment appeal." *Shands Teaching Hosp. & Clinics, Inc. v. Beylotte*, 357 So. 3d 307, 308 (Fla. 1st DCA 2023) (citing *Emed Urgent & Primary Care, P.A. v. Rivas*, 335 So. 3d 766, 767 (Fla. 1st DCA 2022)). "[C]ertiorari review is 'appropriate in cases that allow discovery of privileged information.'" *Butler v. Harter*, 152 So. 3d 705, 709–10 (Fla. 1st DCA 2014) (quoting *Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 506 (Fla. 2d DCA 2006)). "The attorney-client privilege exists to protect not only the giving of professional advice, but also the giving of information to the lawyer to enable him to render sound and informed advice." *Hagans v. Gatorland Kubota, LLC/Sentry Ins.*, 45 So. 3d 73, 76 (Fla. 1st DCA 2010) (citing *Upjohn Co. v. U.S.*, 449 U.S. 383, 390 (1981)).

Here, the trial court ordered the Department to produce all of Martin's emails listed on its privilege log based on the court's blanket finding that Martin was acting as a human resources officer and not as the Department's counsel when he made or received the emails. In making this finding, the trial court compelled discovery based on a broad observation of Martin's role and not based on individualized consideration of the documents at issue and their context. While it is certainly possible that some of the emails were not protected by the attorney-client privilege or as work product, given Martin's position as Deputy General Counsel, some of the emails could have been related to the rendition of legal services and advice and thus should have been shielded from

_____

*Regulation v. Blackman*, 292 So. 3d 1156 (Fla. 1st DCA 2020). But a per curiam decision "without opinion, has no precedential value." *Maradriaga v. 7-Eleven*, 35 So. 3d 109, 110 (Fla. 1st DCA 2010). Thus, the trial court's reliance on that decision was misplaced.

3

production. *See Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 458 (Fla. 5th DCA 1999) (holding that mere attendance of an attorney at a meeting does not render everything said at the meeting privileged, but if the communication is related to the rendition of legal services, it may be covered by attorney-client privilege). To determine whether the documents were privileged, the trial court had to consider each document individually. *Am. Integrity Ins. Co. of Fla. v. Venable*, 324 So. 3d 999, 1000–01 (Fla. 1st DCA 2021) ("[W]hen a party makes a claim of privilege the party should be given the opportunity to file a privilege log, and the trial court should conduct an in-camera inspection of any documents for which a claim of privilege is asserted."). The trial court departed from the essential requirements of the law when it failed to conduct the requisite in camera inspection of the emails for which the Department claimed were privileged. *See Chipotle Mexican Grill, Inc. v. Quinones*, 240 So. 3d 5, 6 (Fla. 4th DCA 2018) ("Failure to conduct the requisite *in camera* inspection is a departure from the essential requirements of the law.").

Besides its blanket ruling that none of the emails were protected by the attorney-client privilege or as work product due to Martin's purported role as de facto HR officer, the trial court ruled in the alternative that the Department had to produce the emails listed on the privilege log "because there's no way that this information can be replicated," and "[i]f it is work product it's the type of work product that must be produced because it can't be gathered in some other way." This ruling also departed from the essential requirements of law.

Under Florida Rule of Civil Procedure 1.280(b)(4), a party may obtain discovery of certain protected documents only upon a showing that the party seeking discovery has need of the materials in preparing the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. But the rule maintains protection for privileged attorney-client communications and materials: "In ordering discovery of the materials when the required showing [of need and undue hardship] has been made, the court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fla. R. Civ. P. 1.280(b)(4).

The record before us fails to reveal any showing by Johnson that would permit disclosure of the Department's privileged communications under Rule 1.280. *See Metric Eng'g, Inc. v. Small*, 861 So. 2d 1248, 1250 (Fla. 1st DCA 2003) ("Counsel's bare assertions, unsupported by any evidence, are inadequate to show the 'need' and 'undue hardship' required for production of work product documents, and cannot justify compelled discovery. To show 'need,' a party must present testimony or evidence demonstrating the material requested is critical to the theory of the requestor's case, or to some significant aspect of the case. Once the trial court knows the requestor's theory as to why the items are needed and how the material could potentially help the requesting party's case, the trial court should then conduct an in camera review. During this review, the trial court can evaluate whether the contested materials provide the requisite evidentiary value alleged by the requesting party, . . . ." (citations omitted)).

The petition is GRANTED and the order on review is QUASHED.

ROWE, M.K. THOMAS, and NORDBY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

J. Craig Knox, Surama Suarez, and Riley Landy of Andrews, Crabtree, Knox & Longfellow, LLP, Tallahassee, for Petitioner.

Ashley N. Richardson of Marie A. Mattox, P.A., Tallahassee, for Respondent.