PER CURIAM.
Walker Builders Supply, Inc., sued to foreclose a mechanic’s lien on the Gleasons’ land in the amount of $4,376.74. William E. Stowe was joined as a defendant because he had filed a claim of lien for $787.95 against the Gleasons’ land which was prior in time to the Walker Builders’ lien. Stowe cross-claimed against the Gleasons to foreclose his lien. Most of the trial involved a dispute between Walker Builders and the Gleasons and resulted in a lien foreclosure for Walker Builders. Stowe suffered a judgment against him on his cross-claim on grounds of res judicata resulting from the unsuccessful prosecution of a prior suit. Stowe’s arguments in support of his cross-claim are without merit.
Based on expert testimony, Walker Builders was awarded an attorney’s fee of $4,575 against the Gleasons under section 713.29, Florida Statutes (1981). The Glea-sons sought to recover attorney’s fees from Stowe but presented only the testimony of an attorney who said that because the Glea-sons’ lawyer told him that half his time had been spent in defending the cross-claim, Gleason should be awarded a fee of one half the amount awarded to Walker Builders. This was an insufficient basis upon which to award the Gleasons a $2,287.50 attorney’s fee against Stowe.
The Gleasons’ lawyer did not present any evidence of how much time he spent on the entire case or what portion of that time was spent in defending the Stowe claim. Moreover, the determination of a reasonable fee cannot be predicated upon the amount of a fee awarded to another lawyer in the case. Finally, there is no indication that the court took into consideration the modest amount which was in dispute between Stowe and the Gleasons.
We hereby reverse the award of attorney’s fees for the Gleasons against Stowe and remand for a further hearing to make a proper award of fees. In all other respects, the judgment is affirmed.
GRIMES, A.C.J., and RYDER and SCHOONOVER, JJ., concur.