870 So.2d 104 (2003)
HCA HEALTH SERVICES OF FLORIDA, INC., d/b/a Blake Medical Center, Petitioner,
v.
Lynn HILLMAN, Mary Patricia Bosner, and Roberta James, Respondents.
No. 2D03-1059.
District Court of Appeal of Florida, Second District.
December 3, 2003.
*105 Marie Tomassi and Laura E. Prather of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Petitioner.
Tricia B. Valles and Lisa L. Cullaro of Hahn, Morgan & Lamb, P.A., Tampa, for Respondents.
PER CURIAM.
HCA Health Services of Florida, Inc., d/b/a Blake Medical Center (Blake Medical), petitions for a writ of certiorari to quash a discovery order. By prior unpublished order, this court granted the petition and indicated that an opinion would follow. We now write to explain our reasoning. We conclude that the trial court departed from the essential requirements of law by ordering production of the time sheets and billing records of Blake Medical's attorney in this case without some special showing that these records were relevant to a disputed issue and that the Respondents could not obtain substantially equivalent information without undue hardship.
In the underlying case, Lynn Hillman, Mary Patricia Bosner, and Roberta James (the Respondents) were the prevailing plaintiffs in a whistle-blower action against Blake Medical. Pursuant to section 448.104, Florida Statutes (1997), the judgment entered in favor of the Respondents also determined that they were entitled to attorney's fees. The judgment is pending on appeal in this court. HCA Health Servs. of Fla., Inc. v. Hillman, Nos. 2D03-1534, 2D03-3349. Should it be reversed, the entitlement could be lost. While the judgment is pending on appeal, the Respondents *106 are pursuing efforts to obtain a final judgment awarding fees. The Respondents served a subpoena duces tecum seeking production of the following records from Blake Medical's attorneys: "timesheets, invoices, bills, reimbursements, payments, correspondence, contract for services, fee agreement, hourly fee schedules, all computer generated records pertaining to attorneys' fees, costs, expenses..., or other related documents in the above-named case." Blake Medical objected and sought to quash the subpoena. The Respondents filed a motion to compel. Following a hearing, the trial court granted the Respondents' motion to compel and ordered Blake Medical to produce the actual bills submitted to it by its counsel including the date of legal service, the hours charged, and the nature of the services performed. The order allowed attorney-client privileged and work-product privileged material to be redacted and an unedited version to be submitted to the trial court for an in camera inspection. Blake Medical seeks relief from this order through a petition for writ of certiorari.[1]
The fees of a prevailing party cannot be predicated upon the fees of one's opponent. See Stowe v. Walker Builders Supply, Inc., 431 So.2d 180 (Fla. 2d DCA 1983). There are many sound reasons for this rule. For example, two competent attorneys handling opposite sides of a case will often, if not usually, spend substantially different amounts of time on the case. A deposition that may take one attorney a few minutes to prepare and attend may require hours of work on the part of the other lawyer. A production of documents by one side may require little time by that party's attorney because the work was performed by the client's staff. That same production may require days for the other attorney to review and analyze. Different clients have different reporting requirements and sometimes different expectations as to the time the attorney will spend on their case. Without belaboring the point, it should be self-evident that the records of one's opponent are, at best, only marginally relevant to the general issue of determining an appropriate amount of attorney's fees to be awarded in a given case.
While we suggest that the opponent's time records are marginally relevant, a more accurate statement might be that the records may, on rare occasion, be relevant to resolve a dispute about a particular billable event. For example, if a party were to challenge whether a mediation session lasted three hours or two days and information could not be obtained from the mediator, it might be appropriate to examine that party's own billing records as they pertain to the duration of the mediation session.
The limited relevance of the billing records of opposing counsel is reinforced by the applicable rule. Rule 4-1.5(b) of the Rules Regulating The Florida Bar sets forth the relevant factors to be considered in determining a reasonable fee.[2] The *107 amount of time spent by opposing counsel is not listed. Thus, the broad discovery requested in this case was not aimed at information directly relevant to any factor needed to establish fees.
Balanced against this limited relevance, one must consider the fact that billing records contain privileged, attorney-client information. Also, in this day and age, the final round in many lawsuits is the pursuit of prevailing party fees. To this end, time slips and billing records have become, at least to some degree, work product. Typically, work product and trial preparation materials can only be obtained upon a special showing that the records are needed for the trial and substantially equivalent information is not otherwise available. Fla. R. Civ. P. 1.280(b)(3). In certiorari review, material protected by privilege or work product is the kind of information that "`may reasonably cause material injury of an irreparable nature.'" Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995) (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987)).
In Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720 (Fla. 5th DCA 1999), the Fifth District discussed some of the difficulties surrounding discovery of billing records and affirmed an order denying discovery. Judge Griffin accurately noted in that opinion that some jurisdictions bar this discovery but that Florida has not yet adopted a "hard and fast rule." Id. at 724. "This reflects the salutary view that the discovery may be justified in some cases but not in others and that it is a matter that should rest within the sound discretion of the trial court." Id. We agree.
In this case, we conclude that the trial court departed from the essential requirements of the law because it failed to appreciate and address whether the discovery was justified. Such records are not discoverable as a matter of course. Billing records of opposing counsel are to be treated as privileged work product. The party seeking production must establish that the requested material is actually relevant to a disputed issue, that the records sought are needed to prepare for the attorney's fee hearing, and that substantially equivalent material cannot be obtained from another source. We anticipate that such requests should be few and far between and should be carefully scrutinized by the trial courts.
Thus, while the trial court has discretion to permit this discovery, this discretion is quite restricted due to the nature of the material sought. In this case, the trial court abused its discretion because *108 it required no special showing before ordering the production. For these reasons, we granted the petition and quashed the discovery order.
Remanded for proceedings consistent with this opinion.
ALTENBERND, C.J., and FULMER and CANADY, JJ., Concur.
NOTES
[1] This discovery order was entered after the final judgment. It is arguable that it is a postfinal judgment order that does not stay rendition, the review of which is by direct appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). On the other hand, the order was entered prior to entry of a final order awarding attorney's fees and may be characterized as an interlocutory order not subject to review under rule 9.130(a)(3), thus leaving certiorari as the appropriate vehicle for appellate review. See Int'l Bank of Miami, N.A. v. Shinitzky, 849 So.2d 1188 (Fla. 4th DCA 2003). We conclude that certiorari is the better avenue for review of this issue. We also observe that had we treated this matter as an appeal from a nonfinal order, the outcome would be the same.
[2] Rule 4-1.5(b) sets forth the following factors to be considered:

(1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
(4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
(5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
(8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.