KAHN, J.
Petitioners, Anderson Columbia and Commercial Risk Management, Inc., seek certiorari relief from an order of the Judge of Compensation Claims (JCC) compelling disclosure of the hourly fee paid to, and the total hours expended by, an attorney representing the petitioners in the underlying workers’ compensation case. “A petition for writ of certiorari is appropriate to review a discovery order when the order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.” Metabolife Int’l, Inc. v. Holster, 888 So.2d 140, 141 (Fla. 1st DCA 2004) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)). In this case, the challenged order does not depart from the essential requirements of law. Accordingly, we deny the petition.
The respondent/claimant, James Brown, successfully argued below that he needed the requested information to support a constitutional challenge on appeal to section 440.34(7), Florida Statutes (2003). Under that provision, a workers’ compensation claimant successfully asserting a petition for medical benefits only is limited to a maximum attorney’s fee award of $1500, “based upon a maximum hourly rate of $150 per hour.” Thus, without regard to the actual time spent by an attorney prosecuting a valid claim or the complexity of the issues addressed, the Legislature imposed an absolute cap upon the amount of fees awardable by the JCC. Among other things, Brown asserted that the statutory cap constitutes a denial of due process and equal protection because employers and carriers may engage in excessive litigation to discourage attorneys from representing injured workers with low value claims. In granting the motion to compel, the JCC accepted the claimant’s position that information regarding defense counsel’s billable hours and rate was relevant to the anticipated constitutional challenge. At the same time, the JCC rejected the petitioners’ assertion that the requested billing information was protected by either the attorney-client privilege or the work product privilege.
The challenged order compels only disclosure of the rate charged by defense counsel and the hours expended in defending the claim. Defense counsel is not required to reveal information containing descriptions of the services rendered. With this in mind, we first dispose of petitioners’ contention that the order requires disclosure of information protected by the work product privilege. The work product privilege protects materials which, if disclosed, would reveal the “mental impressions, conclusions, opinions, or legal theories of an attorney.” Fla. R. Civ. P. 1.280(b)(3). A bare accounting of hours worked and rates charged, as will be disclosed here, does not provide any insight into the thought processes of the opposing party’s attorney. We hold, therefore, that the challenged order does not infringe upon material protected by the work product privilege. See Finol v. Finol, 869 So.2d 666, 666 (Fla. 4th DCA 2004) (upholding order which allowed discovery of attorney billing information but advising that “descriptions of services rendered which would reveal the mental *841 impressions and opinions of counsel” should be redacted).
We next address the question of whether the billing information is protected by the attorney-client privilege. “The attorney-client privilege applies to confidential communications made in the rendition of legal services to the client.” S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1380 (Fla.1994). See § 90.502, Fla. Stat. (2003). As this court noted in First Union National Bank v. Turney, 824 So.2d 172, 185 (Fla. 1st DCA 2001), one of the chief purposes of the attorney-client privilege is to encourage “clients to disclose their circumstances fully to lawyers whose assistance they seek in ascertaining their legal rights and obligations.” In this case, petitioners have failed to demonstrate how bare disclosure of fees paid for legal representation would have any chilling effect upon communication regarding the client’s “circumstances” or the client’s “legal rights and obligations.”
We agree with our sister courts in holding that the discovery of an opposing party’s legal costs is a matter best left to the sound discretion of the trial court. See Final, 869 So.2d at 666; Brown Dis-trib. Co. of W. Palm Beach v. Marcel, 866 So.2d 160 (Fla. 4th DCA 2004); Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 724 (Fla. 5th DCA 1999). As the Fifth District Court noted in Mangel:
Florida has not yet adopted a hard and fast rule regarding the discovery and admission of. opposing counsel’s fees. This reflects the salutary view that the discovery may be justified in some cases but not in others and that it is a matter that should rest within the sound discretion of the trial court.
739 So.2d at 724 (emphasis added). This discretion, of course, is tempered by the requirement that any information sought through the discovery process must be “relevant to the subject matter of the pending action.” Fla. R. Civ. P. 1.280(b)(1).
The JCC found, and we agree, that defense counsel’s billing information was relevant to the claimant’s anticipated constitutional challenge to section 440.34(7). The JCC and the parties recognized that the JCC does not have jurisdiction to address the constitutionality of a statutory provision. See B & B Steel Erectors v. Burnsed, 591 So.2d 644, 648 (Fla. 1st DCA 1991). Thus, the claimant’s opportunity to mount a constitutional challenge would be on direct appeal of the attorney’s fee order. Claimant has every right, then, to build his record for appeal. Cf. Key Haven Associated Enters., Inc. v. Bd. of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153, 158 (Fla.1982) (holding that an aggrieved party may chal lenge the facial constitutionality of a statute in the appellate court for the first time after completing the administrative process); Café Erotica/We Dare to Bare/ Adult Toys/Great Food/Exit 91, Inc. v. Dep’t of Transp., 830 So.2d 181, 182 (Fla. 1st DCA' 2002) (holding that the party need not argue the facial unconstitutionality of a statute before an administrative tribunal for the issue to be cognizable on direct appeal); Lee County v. Zemel, 675 So.2d 1378, 1381 (Fla. 2d DCA 1996) (holding that appellees should have raised their due process claims on direct appeal of the administrative order rather than filing a subsequent action in circuit court).
The petitioners have failed to demonstrate that the JCC' departed from the essential requirements of law in compelling the limited disclosure of defense counsel’s billing information. The hours expended and rate charged by defense counsel is not information protected by either the attorney-client or work product *842 privilege. Moreover, the information is relevant to the claimant’s anticipated constitutional challenge to section 440.34(7), Florida Statutes. Accordingly, we DENY the petition for writ of certiorari.
ERVIN and BENTON, JJ., concur.