PER CURIAM.
Balande Estilien petitions for a writ of certiorari from a circuit court order permitting discovery of his attorney’s billing records. We grant the petition because the trial court departed from the essential requirements of law in allowing the discovery of these records without a sufficient showing of relevancy and need.
Respondent Steven Dyda sued Estilien for injuries suffered in an auto accident and obtained a verdict in his favor. Dyda then filed a motion to tax costs and attorney’s fees because Estilien had rejected an offer of settlement under section 768.79(6)(b), Fla. Stat. (2012). The trial court ruled that Dyda was entitled to fees under the statute.
In order to prove the amount of fees earned, Dyda sought production of “[a]ny and all billing records [for Estilien’s attorneys] ... for the instant case from November 17, 2010 through December 9, 2011.” Estilien objected, arguing that the information was irrelevant and required production of attorney-client privileged or work product protected matters. Dyda’s counsel argued that he needed the information in order to reconstruct how much time he spent on this case because he worked on a contingency fee basis and did not keep time records. The court ordered discovery of the billing records, but required that privileged information be redacted. This petition follows.
Certiorari jurisdiction lies because the order compels production of protected and private information of the attorney and client without a showing of relevancy. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003) (quoting Straub v. Matte, 805 So.2d 99, 100 (Fla. 4th DCA 2002), “[c]learly, ‘the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.’ ”).
*1188 We have previously held that discovery of the billing records of the opposing party’s attorney are not discoverable if such records contain privileged material or are otherwise irrelevant. Heinrich Gordon Batchelder Hargrove Weihe & Gent v. Kapner, 605 So.2d 1319, 1319 (Fla. 4th DCA 1992). In Heinrich, we granted cer-tiorari and quashed an order that permitted irrelevant discovery of an attorney’s billing records for other clients in unrelated cases. Id. In Finol v. Finol, 869 So.2d 666, 666 (Fla. 4th DCA 2004), we dismissed a petition for writ of certiorari concluding that the order requiring production of billing records did not cause irreparable harm. Id. A claim of work product privilege was not raised in Finol. Id,. Moreover, we did not decide in either Finol or Heinrich that billing records should be discoverable as a matter of course without a sufficient showing of need and relevancy.
Some of our sister courts have held that trial courts have discretion to decide whether to permit discovery of billing records. Anderson Columbia v. Brown, 902 So.2d 838, 840 (Fla. 1st DCA 2005); Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 724 (Fla. 5th DCA 1999). This discretion, however, is not unfettered. The party’s need for the information and the relevancy of the information must be balanced against the privacy rights of the attorney and client.
In HCA Health Srvcs. of Fla., Inc. v. Hillman, 870 So.2d 104 (Fla. 2d DCA 2003), the Second District recognized that an attorney’s billing records should generally be protected as work product. See also Jacob v. Barton, 877 So.2d 935, 936 (Fla. 2d DCA 2004). In addressing the very issue now before us, the court in Hillman stated:
The fees of a prevailing party cannot be predicated upon the fees of one’s opponent. See Stowe v. Walker Builders Supply, Inc., 431 So.2d 180 (Fla. 2d DCA 1983). There are many sound reasons for this rule. For example, two competent attorneys handling opposite sides of a case will often, if not usually, spend substantially different amounts of time on the case. A deposition that may take one attorney a few minutes to prepare and attend may require hours of work on the part of the other lawyer. A production of documents by one side may require little time by that party’s attorney because the work was performed by the client’s staff. That same production may require days for the other attorney to review and analyze. Different clients have different reporting requirements and sometimes different •expectations as to the time the attorney will spend on their case. Without belaboring the point, it should be self-evident that the records of one’s opponent are, at best, only marginally relevant to the general issue of determining an appropriate amount of attorney’s fees to be awarded in a given case.
While we suggest that the opponent’s time records are marginally relevant, a more accurate statement might be that the records may, on rare occasion, be relevant to resolve a dispute about a particular billable event. For example, if a party were to challenge whether a mediation session lasted three hours or two days and information could not be obtained from the mediator, it might be appropriate to examine that party’s own billing records as they pertain to the duration of the mediation session.
870 So.2d at 106.
The court in Hillman granted relief because no special showing was required before the trial court ordered production of the billing records. Id. at 107-08.
We hold that where the billing records of opposing counsel are sought solely for the purpose of supporting a claim, for *1189 attorney’s fees, “[t]he party seeking production must establish that the requested material is actually relevant to a disputed issue, that the records sought are needed to prepare for the attorney’s fee hearing, and that substantially equivalent material cannot be obtained from another source.” Id. at 107.
Dyda’s counsel’s failure to keep billing records reflecting the time spent on this case is an insufficient basis for ordering production of the records. Moreover, the time Estilien’s counsel’s spent defending the case has not been shown to be relevant to the amount of time counsel spent pursuing Dyda’s claims, nor has the need for such discovery been demonstrated. See Fla. R. Civ. P. 1.280(b)(1).
Accordingly, the trial court departed from the essential requirements of law where it ordered production of the billing records without a showing of relevancy, need, and undue hardship obtaining the information elsewhere. See Fla. R. Civ. P. 1.280(b)(3). The petition is granted, and the order on review is quashed.

Petition granted; order quashed.

MAY, C.J., DAMOORGIAN and GERBER, JJ., concur.