# Supreme Court of Florida

_____

No. SC14-282
_____

**KELLY PATON,**
Petitioner,

vs.

**GEICO GENERAL INSURANCE CO.,**
Respondent.

[March 24, 2016]

LEWIS, J.

Kelly Paton seeks review of the decision of the Fourth District Court of

Appeal in GEICO General Insurance Co. v. Paton (Paton II), 133 So. 3d 1071 (Fla.

4th DCA 2014), on the ground that it expressly and directly conflicts with the

decision of this Court in State Farm Fire & Casualty Co. v. Palma, 555 So. 2d 836

(Fla. 1990), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla.

Const.

## FACTS

Paton was injured in a car accident due to the negligence of an underinsured

driver. GEICO Gen. Ins. Co. v. Paton (Paton III), 150 So. 3d 804, 805 (Fla. 4th

DCA 2014).  After Respondent GEICO General Insurance Company (GEICO) failed to pay the total amount claimed by Paton under the underinsured motorist (UM) policy maintained by her mother, she filed an action against GEICO.  See id.; see also Paton v. GEICO Gen. Ins. Co. (Paton I), No. 09CACE013697, 2010 WL 10129165, at *1 (Fla. 17th Cir. Ct. June 24, 2010) (trial court order).  The jury returned a verdict in favor of Paton for $469,247, which the trial court reduced to $100,000, the limit of the UM policy.  Paton III, 150 So. 3d at 805.

Paton subsequently amended her complaint to add a claim of bad faith against GEICO under section 624.155, Florida Statutes (2010).  Id.  She obtained a jury verdict in her favor for $369,247, the amount of the excess verdict in the UM trial.  Id. at 806.  Thereafter, she moved for attorney's fees and costs, and as the fees were being highly contested, she sought discovery related to her opposition's attorneys' time records.  Paton II, 133 So. 3d at 1071.  Specifically, Paton served on opposing counsel a request to produce the following records:

> 1.  Any and all time keeping slips and records regarding time spent defending GEICO in the bad faith action in Paton v. GEICO General, Case No.: 09-013697 (12).
>
> 2.  Any and all bills, invoices, and/or other correspondence for payment of attorney's fees for defending GEICO in the bad faith action in Paton v. GEICO General, Case No.: 09-013697 (12).
>
> 3.  Any and all retainer agreements between you and/or your respective law firm for defending GEICO in the bad faith action in Paton v. GEICO General, Case No.: 09-013697 (12).

GEICO objected to the request to produce on the basis that the information was privileged and irrelevant, and relied on Estilien v. Dyda, 93 So. 3d 1186 (Fla. 4th DCA 2012), and HCA Health Services of Florida v. Hillman, 870 So. 2d 104 (Fla. 2d DCA 2003). In Estilien, the Fourth District held that where a party seeks to discover the billing records of opposing counsel solely to support a claim for attorney's fees, the party seeking the discovery must establish that the material requested (1) is actually relevant to a disputed issue, (2) is necessary, and (3) that its substantial equivalent cannot be obtained from another source. 93 So. 3d at 1188-89 (citing Hillman, 870 So. 2d at 107). The circuit court overruled GEICO's objections, but provided that GEICO "may redact privileged information."

Paton also propounded Lodestar/Multiplier Fee Determination Interrogatories to GEICO. GEICO objected, again on the basis of Estilien and Hillman, to the following interrogatory:[1]

---

1. The following interrogatory was also included:

> 2. As to each of the following provisions, please provide your position on this bad faith case:
> (A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

GEICO responded, "[t]he time required will be provided. This was not a novel or complex case. The questions were simple and this was a routine bad faith case where carrier had opportunities to settle and declined each opportunity." It is unclear whether GEICO intended to respond that the time would not be provided, but the circuit court ordered GEICO to provide an answer to this interrogatory.

8. Did you or your attorneys spend any attorney's time in prosecuting or defending this lawsuit? If so, list a description of each such item of attorney's fees, the date incurred, hourly rate and the hours incurred on each such date. (Note: you may answer this question by stapling your time records to the answers to interrogatories as long as those records are legible and complete or indicating that you are relying on attached time records for your answer).

Again, the circuit court overruled GEICO's objection. This order did not reference redaction of any privileged information.

GEICO filed a petition for writ of certiorari in the Fourth District, requesting that the district court quash the orders relating to the request to produce and the interrogatory. GEICO alleged that Estilien and Hillman establish that a party must make a special showing prior to the discovery of the billing records of opposing counsel, and Paton failed to make such a showing. GEICO also alleged that the materials were privileged and irrelevant.

The Fourth District granted the petition and quashed the orders of the circuit court. Paton II, 133 So. 3d at 1071. The district court held that Estilien controlled, and noted that the court in Estilien stated that the records of opposing counsel are, at best, only marginally relevant to the determination of reasonable attorney's fees. Id. (citing Hillman, 870 So. 2d at 107). The court recognized that Estilien required a party to establish that the billing records of opposing counsel are actually

_____

The ruling with respect to this interrogatory was not challenged in the petition for writ of certiorari.

- 4 -

relevant and necessary, and their substantial equivalent could not be obtained elsewhere. Id. The district court concluded Paton failed to make the necessary showing. Id.

Paton sought review of Paton II in this Court, alleging it conflicted with Palma, 555 So. 2d 836, which concerned the appropriate range for a contingency fee multiplier in the computation of a reasonable attorney's fee. In Palma, this Court considered the billing records of opposing counsel to be relevant to our analysis, and explicitly noted the number of hours expended by opposing counsel in our decision. Id. at 837. In Palma, we explained that "the trial court found that 650 was a reasonable amount of hours and that a reasonable hourly rate was $150. Further, the trial court applied a multiplier of 2.6. We note that State Farm's counsel [(opposing counsel)] expended 731 hours on this case." Id. (emphasis added). The number of hours expended by counsel for both the plaintiff and defendant in Palma demonstrated the complexity and significance of the issue, which involved only a $600 medical bill. Id. at 836. Our recognition that State Farm expended more hours than those the trial court found to be reasonable for the plaintiff demonstrates that the number of attorney hours expended by counsel for State Farm was highly relevant to the determination of a reasonable attorney's fee for the plaintiff. Thus, the statement in Paton II that the billing records of counsel for GEICO were "at best, only marginally relevant," conflicts with our analysis in

- 5 -

<u>Palma</u>.  We accept jurisdiction to clarify the relevance of the time expended by opposing counsel to the issue of reasonable hours for a party who is entitled to payment of his or her attorney's fees when the fees are contested.

## ANALYSIS

The scope of discovery is provided in Florida Rule of Civil Procedure 1.280(b)(1), which states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . .  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined by statute as evidence that tends to prove or disprove a material fact.  <u>See</u> § 90.401, Fla. Stat. (2015).  Additionally, we have previously explained that the definition of relevancy is broader in the context of discovery than it is during trial.  <u>Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enter., LLC</u>, 99 So. 3d 450, 458 (Fla. 2012) (citing <u>Amente v. Newman</u>, 653 So. 2d 1030, 1032 (Fla. 1995)).

The decision below relied on <u>Estilien</u>, which, in turn, was founded on the decision of the Second District Court of Appeal in <u>Hillman</u>.  In <u>Hillman</u>, the trial court granted the plaintiffs' motion to compel a response to a subpoena duces tecum that sought production of the following: "timesheets, invoices, bills,

reimbursements, payments, correspondence, contract for services, fee agreement, hourly fee schedules, all computer generated records pertaining to attorneys' fees, costs, expenses . . . , or other related documents." 870 So. 2d at 106 (alterations in original). However, the order of the trial court also provided that any material that was protected by the attorney-client or work-product privileges should be redacted, with an unredacted copy to be provided to the trial court. Id. The defendant medical center petitioned the Second District for a writ of certiorari, which was granted. Id. at 108. The district court concluded that the billing records of opposing counsel are only sometimes relevant to an attorney's fees claim and, even when relevant, are protected by the attorney-client and work-product privileges. Id. at 107. Florida Rule of Civil Procedure 1.280(b)(4)[2] provides that privileged information may be obtained:

> upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The Second District granted certiorari review and held that the billing records of opposing counsel are privileged materials that can be obtained only if the party that

---

2. At the time Hillman was decided, this portion of rule 1.280 fell under subdivision (b)(3).

seeks such discovery demonstrates the material is actually relevant to a disputed issue, is needed to prepare for the attorney's fees hearing, and that substantially equivalent material cannot be obtained elsewhere. Hillman, 870 So. 2d at 107 (citing Fla. R. Civ. P. 1.280(b)(3)).

In Estilien, the Fourth District relied on the analysis in Hillman to grant certiorari review of a trial court order that allowed discovery of the billing records of opposing counsel. 93 So. 3d at 1187. In Estilien, the plaintiff prevailed during trial and subsequently filed a motion for attorney's fees pursuant to the offer of judgment statute. Id. (citing § 768.79(6)(b), Fla. Stat. (2012)). In connection with that motion, the plaintiff requested production of the billing records of the attorneys for the defendant, who objected on the basis that such information was both irrelevant and protected by the attorney-client and work-product privileges. Id. The trial court ordered the discovery, but provided that any privileged information be redacted. Id. The defendant filed a petition for writ of certiorari in the district court, which was granted. Id. The district court noted that it had previously held in Heinrich Gordon Batchelder Hargrove Weihe & Gent v. Kapner, 605 So. 2d 1319, 1319 (Fla. 4th DCA 1992), that billing records of opposing counsel were not discoverable if they contained privileged or irrelevant information, and the Second District in Hillman held that the billing records of an attorney are generally protected as work product. Id. at 1188. The Fourth District

concluded that the trial court order compelled the production of protected attorney-client information without a showing of relevancy, and imposed the same standard delineated in Hillman. Id. at 1188-89.

In contrast, the First District Court of Appeal denied a similar petition for writ of certiorari that concerned an order of a Judge of Compensation Claims (JCC) that compelled the disclosure of the hourly fee and time spent by opposing counsel on the basis that the order did not depart from the essential requirements of the law. Anderson Columbia v. Brown, 902 So. 2d 838, 840 (Fla. 1st DCA 2005). In Anderson Columbia, the plaintiff asserted that a workers' compensation statute that limited an award of attorney's fees based on prevailing in a claim for medical benefits to $1500 was unconstitutional. Id. (citing § 440.34(7), Fla. Stat. (2003)). To support that claim, the plaintiff sought discovery of the billing records of the defendant's counsel. Id. The defendant objected on the basis that the information was protected by either the attorney-client or work-product privilege, but the JCC rejected this claim and ordered production. Id.

The First District in Anderson Columbia denied the petition for writ of certiorari filed by the defendant on the basis that the order of the JCC did not mandate the disclosure of information protected by either privilege. Id. With regard to work-product privilege, the district court stated that the order did not require defense counsel to provide information that contained descriptions of the

services rendered, and therefore did not require defense counsel to reveal their mental impressions, conclusions, opinions, or legal theories. Id. (citing Fla. R. Civ. P. 1.280(b)(3)). With respect to attorney-client privilege, the district court stated that the defendant did not demonstrate how the disclosure of fees would have a "chilling effect" on communications related to the legal rights, obligations, or circumstances of the client. Id. at 841. Thus, the district court concluded that, where relevant, the discovery of the billing records of opposing counsel is best left to the sound discretion of the trial court. Id. at 841-42. Prior to Estilien, the Fourth District had also denied similar petitions for writs of certiorari because the redacted materials did not contain privileged information and the disclosure of such materials would not result in irreparable harm. See Brown Distrib. Co. of W. Palm Beach v. Marcel, 866 So. 2d 160, 161 (Fla. 4th DCA 2004); see also Finol v. Finol, 869 So. 2d 666, 666 (Fla. 4th DCA 2004).

We agree with the rationale of the First District in Anderson Columbia and conclude that the billing records of opposing counsel are relevant to the issue of reasonableness of time expended in a claim for attorney's fees, and their discovery falls within the discretion of the trial court when the fees are contested. When a party files for attorney's fees against an insurance company pursuant to sections 624.155 and 627.428, Florida Statutes, as occurred here, the billing records of the defendant insurance company are relevant. The hours expended by the attorneys

- 10 -

for the insurance company will demonstrate the complexity of the case along with the time expended, and may belie a claim that the number of hours spent by the plaintiff was unreasonable, or that the plaintiff is not entitled to a full lodestar computation, including a multiplying factor. See Palma, 555 So. 2d at 837 (rejecting the claim that a multiplier should apply only to cases where the plaintiff's fee arrangement was based on the amount recovered because, although the amount of the underlying claim was small, the case was highly litigated and the risk of nonpayment justified the use of a multiplier).

Moreover, the entirety of the billing records are not privileged, and where the trial court specifically states that any privileged information may be redacted, the plaintiff should not be required to make an additional special showing to obtain the remaining relevant, non-privileged information. Additionally, even if the amount of time spent defending a claim was privileged, this information would be available only from the defendant insurance company, and the plaintiff has necessarily satisfied the second prong of the test delineated by Florida Rule of Civil Procedure 1.280(b)(4) for the discovery of privileged information—i.e., the information or its substantial equivalent cannot be obtained by other means without undue hardship. Thus, we conclude that by granting the petition for certiorari, the Fourth District improperly infringed on the sound discretion of the trial court and required Paton to meet an unnecessarily high standard.

- 11 -

Moreover, the district court improperly employed its certiorari jurisdiction when it granted the petition on an issue that did not depart from the essential requirements of the law and would not cause irreparable harm to GEICO. Certiorari review of interlocutory orders is an extraordinary remedy that should be granted only in very limited circumstances. See, e.g., Bd. of Trs. of Internal Improvement Trust Fund, 99 So. 3d at 454; Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 214-15 (Fla. 1998) ("This Court has emphasized, however, that certiorari review in this instance 'is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.' " (quoting Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1098 (Fla. 1987), superseded by statute on other grounds, § 768.72, Fla. Stat. (1989))). To be entitled to certiorari review, a petitioner must demonstrate that the order constitutes a departure from the essential requirements of the law and results in material injury for the remainder of the case that cannot be corrected on appeal. Bd. of Trs. of Internal Improvement Trust Fund, 99 So. 3d at 454 (citing Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). Simple disagreement with the decision of the trial court is an insufficient basis for certiorari jurisdiction. E.g., Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683 (Fla. 2000) (citing Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 525 (Fla. 1995)).

Here, the trial court correctly concluded the discovery was relevant and provided that GEICO could redact any privileged information. Therefore, compliance with the discovery orders did not depart from the essential requirements of the law and would not result in any irreparable harm to GEICO, and certiorari jurisdiction was not properly exercised by the district court. Moreover, not only did the district court improperly grant this extraordinary remedy based on its simple disagreement with the trial court order, the court erroneously quashed legally correct trial court orders that allowed for the discovery of relevant and non-privileged information.

## CONCLUSION

We hold that the hours expended by counsel for the defendant insurance company in a contested claim for attorney's fees filed pursuant to sections 624.155 and 627.428, Florida Statutes, is relevant to the issue of the reasonableness of time expended by counsel for the plaintiff, and discovery of such information, where disputed, falls within the sound decision of the trial court. For this reason, we quash the decision of the Fourth District in Paton II and remand for further proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, and PERRY, JJ., concur.
QUINCE, J., dissents with an opinion, in which CANADY and POLSTON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

QUINCE, J., dissenting.

Because I conclude that the decision of the Fourth District Court of Appeal in GEICO General Insurance Co. v. Paton, 150 So. 3d 804 (Fla. 4th DCA 2014), does not expressly and directly conflict with decisions of the other district courts of appeal or this Court, I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3), of the Florida Constitution.

The majority accepted jurisdiction of this case on the basis that Paton expressly and directly conflicts with our decision in State Farm Fire & Casualty. Co. v. Palma, 555 So. 2d 836, 838 (Fla. 1990), where this Court concluded "that a contingency adjustment multiplier may be applied to those contingency fee arrangements in which the amount of the attorney's fee is not controlled by the amount of the recovery." In detailing the events that transpired below, we noted that the trial court, in awarding attorney's fees to the plaintiff, determined that 650 hours expended by plaintiff's counsel were reasonable. Id. at 837. We also observed that opposing counsel expended 731 hours. Id. Unlike in Palma, the district court in Paton addressed a different question of law, namely, whether, in support of a claim for attorney's fees, opposing counsel's billing records were discoverable. Paton II, 133 So. 3d at 1071.

- 14 -

Therefore, I conclude that this Court is without jurisdiction to review <u>Paton</u> based on express and direct conflict. Accordingly, I dissent.

CANADY and POLSTON, JJ., concur.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

     Fourth District - Case No. 4D13-2166

     (Broward County)

Bard Daniel Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, Florida, and Richard Mark Benrubi of Liggio Benrubi, West Palm Beach, Florida,

     for Petitioner

James Kendall Clark of Clark, Robb, Mason, Coulombe, Buschman & Charbonnet, Miami, Florida,

     for Respondent