QUINCE, J.,
dissenting.
Because I conclude that the decision of the Fourth District Court of Appeal in GEICO General Insurance Co. v. Paton, 150 So.3d 804 (Fla. 4th DCA 2014), does not expressly and directly conflict with decisions of the other district courts of appeal or this Court, I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3), of the Florida Constitution.
The majority accepted jurisdiction of this case on the basis that Patón expressly and directly conflicts with our decision in State. Farm Fire & Casualty Co. v. Palma, 555 So.2d 836, 838 (Fla.1990), where this Court concluded “that a contingency adjustment multiplier may be applied to those contingency fee arrangements in which the amount of the attorney’s fee is not controlled by the amount of the recovery.” In detailing the events that transpired below, we hoted that the trial court, in awarding attorney’s -fees to the plaintiff, determined that 650 hours expended by plaintiffs counsel were reasonable. • Id. at 837. We also observed that opposing counsel expended 731 hours, Id. Unlike in Palma, the district court in Patón addressed a different question of. law, namely, whether, in support of a claim for attorney’s fees, opposing counsel’s billing records were discoverable. Paton II, 133 So.3d at 1071.
Therefore, ! conclude that this Court is without jurisdiction to-review Patón based on express and direct conflict. Accordingly, I dissent. -
CANADY and POLSTON, JJ., concur.