PER CURIAM.
In this workers’ compensation case, Claimant appeals the Judge of Compensation Claims’ (JCC’s) order granting the Employer/Carrier’s (E/C’s) motion for prevailing party costs under subsection 440.34(3), Florida Statutes (2011). Because we find no error in the JCC’s application of the statute under the circumstances here, we affirm the JCC’s order with regard to the substantive and procedural grounds argued in Issue I without additional comment. We also reject the constitutional challenge to subsection 440.34(3) raised in Issue II, because Claimant failed to prove he has standing.
Our review of constitutional claims is de novo. See Medina v. Gulf Coast Linen Servs., 825 So.2d 1018, 1020 (Fla. 1st DCA 2002). Because JCCs do not have the authority to address constitutional issues, the JCC here made no findings on the constitutional challenge. See B & B Steel Erectors v. Burnsed, 591 So.2d 644, 647 (Fla. 1st DCA 1991) (stating “we note that workers’ compensation judges do not have the power to determine the constitutionality of a portion of the Workers’ Compensation Act, and that such issues may be raised for the first time on appeal, without having been preserved below”). Nevertheless, Claimant was not prohibited from creating a supporting record below. See Anderson Columbia v. Brown, 902 So.2d 838, 841 (Fla. 1st DCA 2005) (holding that inability of JCC to rule on constitutional issues does not preclude claimant from building record so that constitutional challenge might be made on appeal).
Here, Claimant argues that the imposition of prevailing party costs on him, as the injured worker, is unconstitutional as a denial to access to courts. To establish standing to make this challenge, Claimant first “must demonstrate ‘an injury which is both real and immediate, not conjectural or hypothetical.’ ” Punsky v. Clay Cty. Bd. of Cty. Comm’rs, 60 So.3d 1088, 1092 (Fla. 1st DCA 2011) (quoting Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985)). In Punsky, the claimant asserted a violation of his right of access to courts because it will be “ ‘a rare injured worker’ who can afford to pay the costs of litigation when his claim fails.” Id. at 1092. But the claimant there provided no evidence in support of the alleged injury. Accordingly, the . Punsky court concluded that the claimant’s constitutional argument failed “because there is no support in the record for his argument that the award of costs is ‘an injury which is both real and immediate, not conjectural or hypothetical.’” Id. (quoting Montgomery, 468 So.2d at 1016).
Similar to the claimant in Punsky, Claimant here argues that the requirement of claimant-paid costs has a potential chilling effect on the pursuit of claims, but offers no support of a real and immediate injury. Although Claimant may well be adversely affected by the amended statute, he does not explain how this distinguishes *468 him from the claimant in Punsky. Because Claimant has failed to establish a real and immediate injury resulting in a denial of access to courts, he lacks the necessary standing to pursue a constitutional challenge on this ground and this issue must fail. We, therefore, AFFIRM the award of claimant-paid costs.
LEWIS, WINOKUR, and JAY, JJ., CONCUR.