IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BEACON PARK PHASE II HOMEOWNERS
ASSOCIATION, INC.,

     Petitioner,

 v.

Case No. 5D22-1077
LT Case No. 2016-CC-000443-O

EAGLE VISTA EQUITIES, LLC,

     Respondent.

_____/

Opinion filed July 8, 2022

Petition for Certiorari Review of Order
from the County Court for Orange County,
Amy J. Carter, Judge.

Scott D. Newsom, of HR Law, P.A.,
Winter Park, for Petitioner.

Margaret E. Kozan, of Margaret E.
Kozan, P.A., Winter Park, and August
J. Stanton, III, of Gasdick Stanton
Early, P.A., Orlando, for Respondent.

LAMBERT, C.J.

Petitioner, Beacon Park Phase II Homeowners Association, Inc. ("Beacon Park"), seeks certiorari review of an order granting Respondent's, Eagle Vista Equities, LLC ("Eagle Vista"), motion to compel the production of

> any and all statements, bills, and invoices for legal services provided on . . . behalf [of Beacon Park] in this action . . . includ[ing] . . . the corresponding hours and hourly rates charged for each entry.

For the following reasons, we dismiss the petition.

Beacon Park was the unsuccessful defendant below in an action brought against it by Eagle Vista for declaratory judgment and breach of contract.[1] The trial court later granted Eagle Vista's motion for an award of attorney's fees and court costs and directed the parties to coordinate a hearing to determine the amount of the fees and costs.

Eagle Vista then filed a request for production of documents under Florida Rule of Civil Procedure 1.350 seeking the aforementioned statements, bills, and invoices that Beacon Park received from its counsel for services rendered in the case. Beacon Park objected to the requested production based on relevancy and attorney-client privilege; albeit its

---

[1] The final judgment entered in favor of Eagle Vista was affirmed by this court without opinion. *Beacon Park Phase II Homeowners Ass'n v. Eagle Vista Equities, LLC*, 325 So. 3d 1287 (Fla. 5th DCA 2021).

counsel prepared and submitted a document that simply stated that counsel had expended an aggregate of 133.6 hours in the trial court and appellate proceeding and that he charged Beacon Park at a rate of $240 per hour for his services. Eagle Vista then moved to compel the actual invoices or statements, to which Beacon Park filed a response in opposition. After a hearing, the trial court orally found the requested records to be relevant but entered an unelaborated order that granted Eagle Vista's motion and directed that Beacon Park's counsel's billing invoices be produced.

Beacon Park asks that we issue a writ of certiorari quashing this order, asserting that the order fails to adequately protect attorney-client privileged communications and that the information sought is not relevant to Eagle Vista's pending claim for attorney's fees. To be entitled to this relief, Beacon Park must show that this "discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on plenary appeal." *Montanez v. Publix Super Mkts., Inc.*, 135 So. 3d 510, 512 (Fla. 5th DCA 2014) (citing *Allstate Ins. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995)). To that end, "[a]n order that erroneously compels a party to produce privileged information is a classic example of a discovery order

3

subject to certiorari review because the harm caused by the disclosure of privileged information is irreparable." *Id.* (citing *Langston*, 655 So. 2d at 94).

In *Paton v. GEICO General Insurance*, 190 So. 3d 1047, 1052 (Fla. 2016), the Florida Supreme Court determined that "the billing records of opposing counsel are relevant to the issue of reasonableness of time expended in a claim for attorney's fees, and their discovery falls within the discretion of the trial court when the fees are contested."[2] Accordingly, we find that Beacon Park has not overcome the "high hurdle"[3] for certiorari relief based on its argument that its counsel's billing records are not relevant.

As to the issue of whether the billing records of opposing counsel are nondiscoverable based on attorney-client privilege, the *Paton* court also wrote that "the entirety of the[se] billing records are not privileged, and where the trial court specifically states that any privileged information may be redacted, the plaintiff should not be required to make an additional special

---

[2] We find no merit to one of Beacon Park's arguments advanced here that the Florida Supreme Court intended to limit its holding in *Paton* regarding disclosure of the billing records of opposing counsel solely to claims for attorney's fees brought against insurance companies under section 624.155 and 627.428, Florida Statutes.

[3] *See People's Tr. Ins. v. Foster*, 333 So. 3d 773, 774 (Fla. 1st DCA 2022) (observing that "[c]ertorari petitions seeking relief from discovery orders face a high hurdle" (citing *McCloud v. Tackett*, 308 So. 3d 687, 688–89 (Fla. 1st DCA 2020))).

showing to obtain the remaining relevant, non-privileged information." 190 So. 3d at 1052.

Thus, there is no categorical rule that all information contained in an opposing party's attorney's billing records, such as those requested by Eagle Vista in the instant case, is privileged. Admittedly, no mention was made by the trial court here that possible privileged information in the billing statements, such as mental impressions or opinions of counsel, should be redacted. *Cf. Finol v. Finol*, 869 So. 2d 666, 666 (Fla. 4th DCA 2004) ("If th[e] billing information [of counsel] contained descriptions of services rendered which would reveal the mental impressions and opinions of [opposing] counsel, that information should be redacted as privileged; however, the remaining information is not privileged and therefore discoverable." (citation omitted)).

However, the transcript contained in our record of the hearing on the motion to compel shows that no request for any redactions to the requested billing records was ever made by Beacon Park's counsel, even after the court announced its ruling that the billing records were relevant and should be produced. Furthermore, in his written response to the motion to compel filed below, which is also part of our record, Beacon Park's counsel separately prepared and provided a copy of a "detailed billing history" that gave an

5

itemized list of the 133.6 hours that he expended in the entire case, with a narrative next to each billing entry explaining the specific services rendered for each. There are no redactions in this document; nor, for that matter, does it appear that any redactions would be required as none of the entries shows any mental impressions or opinions of counsel.

Under these circumstances, and though the trial court did not directly address the claim of privilege in its order, we conclude that Beacon Park has not sufficiently shown that it has or will suffer irreparable harm resulting from the subject discovery order. We therefore dismiss its petition for lack of jurisdiction. *See Bared & Co. v. McGuire*, 670 So. 2d 153, 157 (Fla. 4th DCA 1996) (explaining that dismissal, rather than denial, is the proper disposition of a petition for writ of certiorari when the appellate court determines that there has been an insufficient showing of irreparable harm).

PETITION DISMISSED.[4]

EVANDER and WALLIS, JJ., concur.

---

[4] Lastly, we note that while Eagle Vista's response to the petition for writ of certiorari argued that, among other things, Beacon Park's petition should be denied for failing to establish the requisite irreparable harm, its counsel nevertheless offered that "any portions of the [billing] documents sought that contain truly privileged substantive information may be redacted." We commend this professionalism.